IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAUL GUEBARA,

    Plaintiff,

    v.                                        CASE NO. 19-3025-SAC

KEVEN BASCUE, et al.,

    Defendants.

**ORDER**

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. On July 31, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 7) ("MOSC"), directing the officials operating the Finney County Jail to prepare a *Martinez* Report within sixty days. The Court extended the deadline to October 30, 2019. (Docs. 10, 15.) This matter is before the Court on the Motion for Release or Order for Medical Records and Extension of Time to Complete *Martinez* Report (Doc. 16) filed by the Sheriff of Finney County, Kansas. The Sheriff seeks an order from the Court requiring Plaintiff to sign a full and proper medical release to allow the Sheriff and counsel to obtain Plaintiff's medical reports and records from Plaintiff's healthcare providers for use in preparing the *Martinez* Report. The Court entered an Order to Show Cause (Doc. 18) granting Plaintiff an opportunity to: 1) sign a full and proper medical release as requested pursuant to the motion and memorandum at Docs. 16 and 17; 2) show good cause why he should not be required to sign the medical release as requested; or 3) voluntarily dismiss his

medical claims. The Court also stayed the deadline for filing the *Martinez* Report pending further order of the Court.

Plaintiff filed a Response (Doc. 19) and a Memorandum in Support (Doc. 20), objecting to the full disclosure of his medical records and arguing that he did not waive his physician patient privilege by filing this action. Plaintiff states that he has signed a partial release, arguing that he believes his claims can be proven without a full medical history. Plaintiff also states that he is willing to release all records from Dr. Kessler. (Doc. 20, at 1.) Plaintiff believes that a release of all the requested records would only "cloud the real issue in the lawsuit." *Id*. Plaintiff also raises a concern about another lawsuit regarding his medical bills and the fear that counsel will share information received in this case. Plaintiff asks that if the Court orders a full release, that the Court also order defendants to provide Plaintiff with a copy of all information they receive and that no information be shared with the attorneys in the other lawsuit.

Plaintiff raises medical claims in his Complaint, claiming a delay in receiving the proper treatment for his stomach bacteria, and that he was denied treatment for Hepatitis C while detained at the Finney County Jail. Plaintiff filed an Amended Complaint (Doc. 11) in which he continues to claim a denial of proper medical care. Plaintiff seeks $500,000 for the denial of medical treatment, pain and suffering, and the continued deterioration of his health. Plaintiff also seeks $800,000 in punitive damages. Plaintiff has filed a motion for leave to amend his complaint (Doc. 21), to "include mental and emotional pain." Plaintiff attaches a signed and notarized medical authorization form in case the Court orders full disclosure. Plaintiff indicates he does not want to delay the case further, but he still seeks a ruling regarding disclosure for purposes of appeal. (Docs. 21–1, 21–2.)

The Court finds that full disclosure is warranted and directs counsel for the FCJ to use the signed medical authorization at Doc. 21–1. *See Fischer v. Dunning*, 574 F. App'x 828 (10th Cir. 2014) (where a plaintiff puts his physical health at issue, he must make a good faith effort to authorize the release of relevant medical records and without access to medical records the defendants were not able to meaningfully defend themselves against plaintiff's claims); *see also Watson v. Olathe Medical Ctr.*, No. 01-2382-CM, 2002 WL 73395, at *1 (D. Kan. Jan. 8, 2002) ("As a preliminary matter, a plaintiff waives the physician-patient privilege by bringing an action in which his or her medical condition is an element of the claim.") (citation omitted); *Bryant v. Hilst*, 136 F.R.D. 487, 491 (D. Kan. 1991); *Tatum v. Clarke*, No. 11-CV-1131, 2013 WL 654367, at *2 (E.D. Wisc. Feb. 20, 2013) (directing plaintiff that if he refuses to sign a waiver permitting defendants to access relevant medical records, he will not be entitled to obtain any damages for injuries that he maintains he suffered).

The Court further directs the Clerk of Court to place Doc. 21–1 under seal. Any attachments to the *Martinez* Report containing medical records shall be filed under seal with copies provided to Plaintiff.

Plaintiff motion for leave to file an amended complaint is denied. Plaintiff has failed to attach a proposed amended complaint as required by D. Kan. Rule 15.1(a)(2). The motion for release or order for medical records and extension of time to complete *Martinez* Report is granted. The deadline for filing the *Martinez* Report is extended to January 6, 2020.

**IT IS THEREFORE ORDERED THAT** that Plaintiff's motion for leave to file an amended complaint (Doc. 21) is **denied.**

**IT IS FURTHER ORDERED THAT** the Motion for Release or Order for Medical Records and Extension of Time to Complete *Martinez* Report (Doc. 16) is **granted.** The deadline for filing the *Martinez* Report is extended to **January 6, 2020.**

**IT IS FURTHER ORDERED THAT** the Clerk of Court is directed to place Doc. 21–1 under seal.

**IT IS SO ORDERED**.

**Dated November 27, 2019, in Topeka, Kansas.**

                                        **s/ Sam A. Crow**
                                        **Sam A. Crow**
                                        **U.S. Senior District Judge**