## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PAUL GUEBARA,

      **Plaintiff,**

      v.                                            CASE NO.  19-3025-SAC

KEVEN BASCUE,  et al.,

      **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  Although Plaintiff is currently incarcerated at the El Dorado Correctional Facility in Oswego, Kansas, the claims giving rise to his Complaint occurred during his pretrial detention at the Finney County Jail in Garden City, Kansas ("FCJ").  The Court granted Plaintiff leave to proceed *in forma pauperis*.  On September 30, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 51) ("MOSC II"), granting Plaintiff until October 26, 2020, in which to show good cause why his Amended Complaint should not be dismissed for the reasons stated in the MOSC II and in the Court's previous Memorandum and Order and Order to Show Cause at Doc. 7 ("MOSC I").  Plaintiff has failed to respond by the Court's deadline.

The Court found in the MOSC I that all of Plaintiff's non-medical claims were subject to dismissal for the reasons set forth in the MOSC I.  The Court noted that Plaintiff's request for monetary damages based upon his First Amendment claims were subject to dismissal for failure to show a physical injury.  Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury.  Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody

without a prior showing of physical injury."  42 U.S.C. § 1997e(e).

The Court also found that Plaintiff failed to show that his segregation was an exaggerated response or that it was done for any reason other than the effective management of the detention facility.  *See Cox v. Denning*, 652 F. App'x 687, 692 (10th Cir. 2016) (unpublished) (finding that nighttime-recreation policy for inmates in disciplinary segregation is designed to permit close monitoring of inmates who might pose a danger to themselves, other inmates, or staff and is reasonably related to the jail's safety interest).

The Court also found that Plaintiff's claim regarding lack of a law library was subject to dismissal for failure to state a claim.  "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all person similarly situated should be treated alike."  *Requena v. Roberts*, 893 F.3d 1195, 1210 (10th Cir. 2018) (citing *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985); *see also Barney v. Pulsipher*, 143 F.3d 1299, 1312 (10th Cir. 1998) ("In order to assert a viable equal protection claim, plaintiffs must first make a threshold showing that they were treated differently from others who were similarly situated to them.")).  Thus, Plaintiff must allege that he was treated differently than other similarly situated detainees.  "Individuals are 'similarly situated' only if they are alike 'in all relevant respects.'"  *Requena*, 893 F.3d at 1210.  Plaintiff has not shown that he was denied law library access while similarly situated detainees were granted access.

The Court found in the MOSC II that Plaintiff's medical claims were subject to dismissal. A mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment.  *See Estelle v. Gamble*, 429 U.S. 97, 106–07 (1976); *see also Coppinger v. Townsend*, 398 F.2d 392, 394

(10th Cir. 1968) (prisoner's right is to medical care—not to type or scope of medical care he desires and difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983). Plaintiff's allegations do not show a complete lack of medical care, but rather show Plaintiff's disagreement regarding the proper course of treatment or medication.

Delay in providing medical care does not violate the Eighth Amendment, unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993). In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (citation omitted). "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)). Plaintiff has failed to show that the delay in receiving medical treatment caused lifelong handicap, permanent loss, or considerable pain.

Plaintiff has failed to show that any defendant disregarded an excessive risk to his health or safety or that they were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference. Plaintiff has failed to show that any defendant was deliberately indifferent regarding his medication or medical treatment. Plaintiff's claims suggest, at most, negligence.

The MOSC II provided that "[f]ailure to respond by the deadline may result in dismissal of this matter without further notice for failure to state a claim." (Doc. 51, at 14.) Plaintiff has failed to respond to the MOSC II by the Court's deadline and has failed to show good cause why his Amended Complaint should not be dismissed.

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated October 30, 2020, in Topeka, Kansas.**

<u>**s/ Sam A. Crow**</u>
**Sam A. Crow**
**U.S. Senior District Judge**