IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAUL GUEBARA,

    **Plaintiff,**

    v.                                                  CASE NO. 19-3025-SAC

KEVEN BASCUE, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Although Plaintiff is currently incarcerated at the Ellsworth Correctional Facility in Ellsworth, Kansas, the claims giving rise to his Amended Complaint occurred during his pretrial detention at the Finney County Jail in Garden City, Kansas ("FCJ"). The Court granted Plaintiff leave to proceed *in forma pauperis*.

**I. Background**

The Court screened Plaintiff's original Complaint (Doc. 1) and entered a Memorandum and Order and Order to Show Cause (Doc. 7) ("MOSC") directing Plaintiff to show good cause why his non-medical claims should not be dismissed due to the deficiencies set forth in the MOSC. The Court also granted Plaintiff an opportunity to file an amended complaint to cure the deficiencies set forth in the MOSC. The Court ordered the officials responsible for the operation of the FCJ to prepare a *Martinez* Report regarding Plaintiff's medical claims. The *Martinez* Report was filed (Doc. 38), Plaintiff filed a response (Doc. 45) to the report, and the Court entered a second Memorandum and Order and Order to Show Cause (Doc. 51) ("MOSC II") after screening Plaintiff's Amended Complaint at Doc. 11. The MOSC II directed Plaintiff to

1

show good cause why his Amended Complaint should not be dismissed for the reasons set forth in the MOSC and MOSC II. This matter is before the Court on Plaintiff's Response (Doc. 60).

Plaintiff alleges in Count I of his Amended Complaint that after he served ten days of disciplinary segregation he was placed back in segregation without any due process or disciplinary action. Plaintiff claims his privileges were taken away and he was not allowed to mail letters, access the law library, or make phone calls while in segregation. Plaintiff alleges that his Bible was taken away and he was not allowed to have visits or to receive letters. Plaintiff attaches a grievance in which the response indicates that his privileges were suspended due to his behavior and actions. (Doc. 11–1, at 3.)

In Count II, Plaintiff alleges that he was denied medical care for his stomach illness and his Hepatitis C for two years due to the cost of treatment. Plaintiff alleges that he was denied treatment for Hepatitis C because he was told it was not an emergency. Plaintiff alleges his eye glasses were taken from him and he was required to prove they were prescription glasses. Plaintiff acknowledges that his eye glasses were returned to him. (Doc. 11, at 5.)

Plaintiff alleges in Count III that he was treated differently than other inmates in violation of due process and equal protection. Plaintiff alleges that he was treated differently because he was on lockdown for months without due process. Plaintiff attaches a grievance in which he claims he is being denied law library access while other inmates are being allowed to use it. (Doc. 11–1, at 1.) The response to the grievance indicates that the FCJ does not offer a law library to the inmates housed in the jail. *Id*.

Plaintiff names as Defendants: Keven Bascue, FCJ Sheriff; Mark Welsh, FCJ Administrator; Jeff Orebaugh, FCJ Captain; Kyle Lawson, FCJ Lieutenant; and Michelle Newsome, FCJ Nurse. Plaintiff seeks compensatory and punitive damages.

## II. Discussion

### A. Non-Medical Claims

The Court found in the MOSC that all of Plaintiff's non-medical claims were subject to dismissal for the reasons set forth in the MOSC. The Court noted that Plaintiff's request for monetary damages based upon his First Amendment claims were subject to dismissal for failure to show a physical injury. Plaintiff's request for compensatory damages is barred by 42 U.S.C. § 1997e(e), because Plaintiff has failed to allege a physical injury. Section 1997e(e) provides in pertinent part that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

Plaintiff acknowledges that he was placed in segregation for disciplinary reasons. However, Plaintiff alleges a due process violation because he was returned to segregation based on his actions and behaviors without a disciplinary report. In the MOSC II, the Court found that Plaintiff failed to show that his segregation was an exaggerated response or that it was done for any reason other than the effective management of the detention facility. *See Cox v. Denning*, 652 F. App'x 687, 692 (10th Cir. 2016) (unpublished) (finding that nighttime-recreation policy for inmates in disciplinary segregation is designed to permit close monitoring of inmates who might pose a danger to themselves, other inmates, or staff and is reasonably related to the jail's safety interest).

Plaintiff alleges discrimination and a violation of equal protection, because he was denied access to a law library. The grievance response he attaches to his Amended Complaint states that the FCJ does not offer a law library. The Court found in the MOSC II that Plaintiff's claim is subject to dismissal for failure to state a claim because Plaintiff has not shown that he was

denied law library access while similarly situated detainees were granted access.

Plaintiff's response fails to address the deficiencies set forth in the MOSC and MOSC II regarding his non-medical claims. The Court dismisses Plaintiff's non-medical claims in Counts I and III.

**B. Medical Claims**

Plaintiff claims that there was a delay in receiving the proper treatment for his stomach bacteria, and he was denied treatment for Hepatitis C. Plaintiff also alleges his eyeglasses were taken from him and he was required to prove they were prescription glasses. Plaintiff acknowledges that his eyeglasses were returned to him. Plaintiff does not address this issue in his response and has failed to allege a constitutional violation regarding his eyeglasses. Any claim regarding his eyeglasses is dismissed.

The Eighth Amendment[1] guarantees a prisoner the right to be free from cruel and unusual punishment. "[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).

The "deliberate indifference" standard includes both an objective and a subjective component. *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th Cir. 2005) (citation omitted). In the objective analysis, the deprivation must be "sufficiently serious," and the inmate must show the presence of a "serious medical need," that is "a serious illness or injury." *Estelle*, 429 U.S. at 104, 105; *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), *Martinez*, 430 F.3d at 1304 (citation

---

[1] Plaintiff alleges that he was a pretrial detainee, rather than a convicted prisoner, at the time giving rise to the allegations in his Amended Complaint. That distinction, however, at least with regard to Plaintiff's medical care claims, is not critical here. "Under the Fourteenth Amendment due process clause, 'pretrial detainees are . . . entitled to the degree of protection against denial of medical attention which applies to convicted inmates' under the Eighth Amendment." *Martinez v. Beggs*, 563 F.3d 1082, 1088 (10th Cir. 2009) (quoting *Garcia v. Salt Lake County*, 768 F.2d 303, 307 (10th Cir. 1985)).

omitted). A serious medical need includes "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Martinez*, 430 F.3d at 1304 (quoting *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000)).

"The subjective component is met if a prison official knows of and disregards an excessive risk to inmate health or safety." *Id*. (quoting *Sealock*, 218 F.3d at 1209). In measuring a prison official's state of mind, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 1305 (quoting *Riddle v. Mondragon*, 83 F.3d 1197, 1204 (10th Cir. 1996)).

The Court ordered a *Martinez* Report for Plaintiff's medical claims. After examining the report, which set forth in detail the medical care Plaintiff received while housed at the FCJ, and Plaintiff's response to the report, the Court granted Plaintiff an opportunity to respond and show cause why his medical claims should not be dismissed.

Plaintiff alleges there was delay in receiving treatment for his stomach bacteria and that he was denied treatment for Hepatitis C while detained at the FCJ. The Court found in the MOSC II that a mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. *See Estelle*, 429 U.S. at 106–07; *see also Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968) (prisoner's right is to medical care—not to type or scope of medical care he desires and difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983).

Plaintiff's allegations regarding his treatment for his stomach illness do not show a complete lack of medical care, but rather show Plaintiff's disagreement regarding the proper course of treatment or medication. Plaintiff disagreed with the prescribed medication and refused to take it at times. A

complaint alleging that plaintiff was not given plaintiff's desired medication, but was instead given other medications, "amounts to merely a disagreement with [the doctor's] medical judgment concerning the most appropriate treatment." *Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) (noting that plaintiff's allegations indicate not a lack of medical treatment, but a disagreement with the doctor's medical judgment in treating a condition with a certain medication rather than others); *Hood v. Prisoner Health Servs., Inc.*, 180 F. App'x 21, 25 (10th Cir. 2006) (unpublished) (where appropriate non-narcotic medication was offered as an alternative to the narcotic medication prescribed prior to plaintiff's incarceration, a constitutional violation was not established even though plaintiff disagreed with the treatment decisions made by prison staff); *Carter v. Troutt*, 175 F. App'x 950 (10th Cir. 2006) (unpublished) (finding no Eighth Amendment violation by prison doctor who refused to prescribe a certain pain medication where he prescribed other medications for the inmate who missed follow-up appointment for treatment and refused to be examined unless he was prescribed the pain medication he wanted); *Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992) ("Plaintiff's belief that he needed additional medication, other than that prescribed by the treating physician, as well as his contention that he was denied treatment by a specialist is . . . insufficient to establish a constitutional violation.").

The Court finds that Plaintiff has failed to show good cause why his claims regarding the treatment for his stomach illness should not be dismissed. Delay in providing medical care does not violate the Eighth Amendment, unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993). Plaintiff has failed to show that any defendant disregarded an excessive risk to his health or safety or that they were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed,

and also drew the inference. Plaintiff's claims suggest, at most, negligence. The Court dismisses the claim regarding treatment for his stomach illness as set forth in Count II.

Plaintiff alleges that he was denied treatment for his Hepatitis C while housed at the FCJ from February 2015 until March 2019. In his response, Plaintiff alleges that the denial of treatment for his Hepatitis C has resulted in permanent liver damage. Doc. 60, at 5 (stating that Plaintiff was informed he has permanent liver damage). Plaintiff claims that he was denied treatment due to the cost (Doc. 60, at 12, 14) and that the FCJ does not have a policy in place for treatment of chronically ill detainees.

The Court finds that Plaintiff's claim in Count II of his Amended Complaint regarding the denial of treatment for Hepatitis C survives screening. The Court will direct Defendants to file an answer or other responsive pleading to this claim in Count II. To the extent Plaintiff suggests in his response that he is entitled to a default judgment for Defendants' failure to answer, such a request is denied. The Court entered an order providing that answers or other responsive pleadings were not due until after the Court completed screening of Plaintiff's Amended Complaint. (Doc. 49.)

**IT IS THEREFORE ORDERED THAT** Defendants shall have until **August 6, 2021,** in which to file an answer or other responsive pleading to Plaintiff's claim regarding treatment for Hepatitis C in Count II of his Amended Complaint. All other claims set forth in the Amended Complaint are **dismissed.**

**IT IS SO ORDERED**.

**Dated July 2, 2021, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**