## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PAUL GUEBARA,

      Plaintiff,

      v.

FINNEY COUNTY SHERIFF'S
DEPARTMENT, et al.,

      Defendants.

Case No. 19-CV-3025-JAR-KGG

## MEMORANDUM AND ORDER

On January 11, 2022, presiding United States Magistrate Judge Kenneth G. Gale granted Plaintiff Paul Guebara, a prisoner proceeding pro se and in forma pauperis, leave to amend his complaint to add claims against the Finney County Health Department ("FCHD"), Gretchen Dowdy, Hannah Douty, and "Dr. Parks" in their individual and official capacities.[1] Judge Gale directed the Clerk to issue summons to the United States Marshal or Deputy Marshal, and ordered Plaintiff to prepare and submit summons to the Clerk. The Clerk was directed to mail Plaintiff blank summons forms to accomplish this. Summons issued to all four Defendants and all four were filed as returned executed. Because more than twenty-one days expired and none of these Defendants filed an answer or otherwise defended, Plaintiff filed Motions for Default Judgment (Doc. 109, 115). These motions are now under advisement. The Court has considered the many filings related to Plaintiff's default judgment motions, including responses to the Court's April 25, 2022 Order to Show Cause, and is prepared to rule.[2] As explained below,

---

[1] Docs. 93, 96; *see also* Docs. 11, 88, 90.

[2] *See* Docs. 119, 120, 122, 124, 125, 128, 129, 130, 131, 136. As described in this Order, the Court is satisfied by Defendants' responses to its April 25, 2022 Order to Show Cause.

Plaintiff's motions for default judgment are denied because service has not been accomplished

on these Defendants.  Plaintiff's time to serve under Fed. R. Civ. P. 4(m) is extended to August

19, 2022.

## I.    Background

Pursuant to the information Plaintiff provided to the United States Marshal's Service

("USMS"), summons issued on January 20, 2022, to Douty, Dowdy, FCHD, and fnu Parks at

919 Zerr Road in Garden City, Kansas, by certified mail.  The docket reflects that summons was

returned executed on February 14, 2022, for all four Defendants because the Court received

return receipts from the United States Postal Service ("USPS").  Each of the return receipts

indicated it was received by "FICO Health Dept" with the box checked for "Addressee" and not

"Agent."  Under "Received by," are illegible initials and "C19."[3]

On February 18, 2018, Plaintiff filed a notice of correction, stating that the proper name

of the former FCHD doctor he sought to add to this lawsuit is Harold Perkins, not Dr. Parks.[4]

Summons issued the same day for Dr. Perkins at a 6th Street address in Garden City by certified

mail.  The docket reflects that summons was returned executed for Dr. Perkins on March 12,

2022.  The return receipt contains illegible initials in the signature line and the notation "C19,"

with the box checked for "Addressee."  It states that it was received by "Perkins."[5]  On April 6,

2022, the Court received this envelope with a "Return to Sender, Attempted-not known, Unable

to Forward" sticker attached.  There is a note on the front that states the envelope was opened

and taped back together before being returned.[6]

---

[3] Docs. 104, 105, 106, 107.

[4] Doc. 102.

[5] Doc. 117.

[6] Doc. 123.

FCHD and Dr. Perkins have entered limited appearances in this matter to respond to Plaintiff's motions for default judgment. Both submitted affidavits in support of their contention that the return receipts are insufficient proof of service in this case. Dr. Perkins contends that he does not now, nor has he ever, lived at the address on 6th Street in Garden City where Plaintiff directed summons.[7] He attests that he has not been served with "suit papers" in this case.

According to Kelly Munyan, the Director of Human Resources for Finney County, Finney County was unaware of the lawsuit until March 16, 2022. She reviewed footage from security cameras, and determined that the envelopes containing the four summons were delivered on February 14, 2022 "in the outside mail receptacle of the Health Department by a US Mail employee, and the documents were not brought inside to our staff, nor was there any request that they be signed for."[8] Munyan attests that at the time of delivery, the FCHD had "critically low staffing level[s]."[9] Once the envelopes were retrieved, they "were not given to a person of authority for approximately four weeks," which by then was March 16, 2022.[10] Based on her experience with the local post office during the pandemic, postal employees "were not allowed to obtain a signature for certified mail or other return receipt mail. . . . I have no idea who signed the green cards, nor who wrote 'C19' on them, but I swear and affirm it was not anyone employed by [FCHD]."[11]

---

[7] Doc. 128-1.

[8] Doc. 120-1 ¶ 3.

[9] *Id.* ¶ 4.

[10] *Id.* ¶¶ 5–6.

[11] Doc. 129 at 6 ¶¶ 4, 6.

## II.    Discussion

A defendant shall serve an answer within twenty-one days after service of the Complaint.[12]  When a party fails to plead or otherwise defend, and that fact is made to appear by affidavit or otherwise, default should be entered against that party.[13]  However, the Court generally prefers to resolve cases on the merits and not by default judgment.[14]

Relying on the filed return receipts on the docket purportedly showing that service was returned executed, Plaintiff moves for default judgment on the basis that FCHD, Perkins, Dowdy, and Douty have failed to plead or otherwise defend within twenty-one days of service. Defendants FCHD and Perkins entered  limited appearances to contest the default judgment motions, contending that they were never properly served.  FCHD does not purport to represent Dowdy and Douty and attests that they are no longer employed by FCHD.  FCHD also represents it does not have information about their current whereabouts.

### A.    Whether the New Defendants Were Served

In order to enter clerk's default against the newly added Defendants, the Court must find that they were served and failed to respond.  Although the docket reflects that service was returned executed, that fact alone is insufficient evidence that Defendants were properly served.[15] "A signed return of service constitutes prima facie evidence of proper service, but it 'can be overcome only by strong and convincing evidence.'"[16]  The Court finds that Defendants have

---

[12] Fed. R. Civ. P. 12(a)(1).

[13] Fed. R. Civ. P. 55(a).

[14] *See Crutcher v. Coleman*, 205 F.R.D. 581, 584 (D. Kan. 2001) (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir.1970)).

[15] *Conley v. Pryor*, No. 11-3200-DDC-KGS, 2015 WL 413638, at *3 n.1 (D. Kan. Jan. 30, 2015), *aff'd*, 627 F. App'x 697 (10th Cir. 2015).

[16] *Id.* (quoting *Homer v. Jones-Bey*, 415 F.3d 748, 752 (7th Cir. 2005)) (citations omitted).

produced sufficient evidence to overcome the prima facie case of proper service established by the return receipts filed in this case.

First, Munyan's affidavit states that she reviewed surveillance footage and talked with her staff after discovering the envelopes with summons and the Amended Complaint past the answer deadline.  She learned that the envelopes were delivered on February 14, 2022, to an outside mail receptacle at the FCHD by a postal carrier.  She attests that the envelopes were not brought inside to staff and there was no request that they be signed for.  Because at the time of delivery the FCHD had "critically low staffing level[s],"[17] they were not retrieved and passed along to a person of authority until March 16, 2022.[18]

Plaintiff urges the Court that these are not acceptable reasons for FCHD's failure to respond, suggesting that Munyan's affidavit is not credible and amounts to "shifting blame . . . and using cov-19 as an excuse for not getting the summons."[19]  He also points to the USPS Covid-19 policy for certified mail, which requires that the postal carrier confirm receipt by an addressee or agent before signing, even though the recipient is not required to personally sign the card.[20]

The Court is not inclined to disregard Munyan's affidavit.  It constitutes acceptable proof of the facts set forth therein.  Munyan's affidavit demonstrates that regardless of USPS policy requiring postal carriers to verify the addressee's identity before signing the return receipt, this postal carrier left the envelopes addressed to Douty, Dowdy, FCHD, and fnu Parks at 919 Zerr

---

[17] *Id.* ¶ 4.

[18] *Id.* ¶¶ 5–6.

[19] Doc. 135 at 2.

[20] *See* Mo. S. Ct. Standing Order re: Signed Return Receipt of Certified or Registered Mail During the COVID-19 Pandemic (Apr. 6, 2020), attached as Doc. 135-2 (acknowledging USPS policy that suspended signature procedures for certified mail and suspending any local or Supreme Court rule that requires a return receipt to be signed by the addressee only).

Road in an outside mail receptacle and did not interact with a FCHD employee first.[21]  The evidence submitted by Defendants suggests the postal carrier signed his or her initials and "C19," left them at the facility without verifying receipt by the addressee, where they sat in a mail bin for several weeks before being discovered.  Accordingly, the Court cannot enter default against FCHD, Douty, or Dowdy for failure to answer within twenty-one days of service.  These Defendants never received service by return receipt because the envelopes addressed to the four Defendants were left at the facility without verifying receipt by an addressee or agent.

Additionally, the FCHD has shown that neither Douty nor Dowdy are employed by FCHD.  Therefore, even if the certified mail had been signed for, it was not the appropriate address at which to serve them.[22]  Likewise, Perkins has submitted an affidavit that he has not received service and that he does not reside at the address Plaintiff provided to the USMS for certified mail.  Thus, even though these return receipts were signed, there is strong evidence that rebuts them as prima facie evidence of proper service.  Munyan's and Perkins' affidavits establish that none of the Defendants were properly served.

Because none of the four new Defendants were properly served, Plaintiff's motions for default judgment must be denied.

### B.      Extension of Time for Service

Because the USMS's attempts to serve the four new Defendants by certified mail were insufficient, they have still not been properly served.  Under Fed. R. Civ. P. 4(m),

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the

---

[21] Plaintiff purports to controvert these facts with photographs of the outside mailboxes at the FCHD on Zerr Road, suggesting that there was no outside mail "drop box."  The Court does not find that these photographs contradict Munyan's affidavit, which states that the documents were delivered to an outside "mail receptacle," not a drop box.

[22] Fed. R. Civ. P. 4(a); K.S.A. § 60-304(a).

> plaintiff—must dismiss the action without prejudice against that
> defendant or order that service be made within a specified time.
> But if the plaintiff shows good cause for the failure, the court must
> extend the time for service for an appropriate period.

Plaintiff's in forma pauperis status means that he was entitled to rely on the Clerk and the

USMS to effect proper service of process on his behalf, but "the Marshals Service is not

responsible for lack of service where a plaintiff does not provide correct information required for

service."[23]  At the same time, the Tenth Circuit has explained that a failure to properly serve in a

case such as this does not rest solely with the Plaintiff:

> "When a plaintiff is granted in forma pauperis status, the district
> court is required to serve process for the plaintiff."  The magistrate
> judge's order granting [the plaintiff's] application to proceed in
> forma pauperis stated that the clerk's office and the Marshals
> Service would effect process.  Thus, at least some of the fault for
> the failure to properly serve the defendants rests with the district
> court and the Marshals Service.  .  .  ."[24]

The Court finds that Plaintiff has shown good cause for his failure to timely serve the FCHD,

Douty, Dowdy, and Dr. Perkins.  He did not have access to the correct home addresses for the

individual Defendants, and he was entitled to rely on the USMS's use of certified mail to ensure

receipt by the addressees.  The Court will extend the time for service on these Defendants under

Rule 4(m) until August 19, 2022.

### C.   Instructions for Renewed Service

Plaintiff's Amended Complaint names three new individual Defendants and a county

health department.  Service on an individual is governed by Fed. R. Civ. P. 4(e).  "That rule

provides that a plaintiff may accomplish personal service by: (1) delivery on the individual

---

[23] *Pemberton v. Patton*, 673 F. App'x 860, 864 (10th Cir. 2016) (collecting cases).

[24] *Kelly v. Wilson*, 426 F. App'x 629, 631–32 (10th Cir. 2011) (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003)) (citations omitted).

personally, (2) delivery at the individual's dwelling or usual place of abode, (3) delivery on the individual's authorized agent, or (4) following Kansas state laws governing service."[25]  Under Kansas law, service upon an individual must be made "by serving the individual or by serving an agent authorized by appointment or by law to receive service of process."[26]  Moreover, "[s]ervice by return receipt delivery must be addressed to an individual at the individual's dwelling or usual place of abode and to an authorized agent at the agent's usual or designated address."[27]  Only where a return receipt shows that such service was returned or unclaimed and "that a business address is known for the individual," may the USMS complete service by return receipt delivery at the individual's business address.[28]

Service on a local government must be served by either "(A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."[29]  Under Kansas law, service on a county must be made "by serving one of the county commissioners, the county clerk or the county treasurer," and "[s]ervice by return receipt delivery must be addressed to the appropriate official at the official's governmental office."[30]

Kansas permits service by return receipt delivery, personal service, or residence service.[31]  Return receipt delivery may be made in Kansas by using "certified mail, priority mail, commercial courier service, overnight delivery service or other reliable personal delivery service

---

[25] *Conley v. Pryor*, No. 11-3200-DDC-KGS, 2015 WL 413638 (D. Kan. Jan. 30, 2015), *aff'd,* 627 F. App'x 697 (10th Cir. 2015) (citing Fed. R. Civ. P. 4(e)).

[26] K.S.A. § 60-304(a).

[27] *Id.*

[28] *Id.*

[29] Fed. R. Civ. P. 4(j)(2).

[30] K.S.A. § 60-304(d).

[31] *Id.* § 60-303(c), (d).

to the party addressed, in each instance evidenced by a written or electronic receipt showing to whom delivered, the date of delivery, the address where delivered and the person or entity effecting delivery."[32]

Had the certified mail been directed to the correct recipients at the correct addresses, and had the USPS verified receipt by the addressees, service would have been accomplished under Kansas law. But service failed as to Douty and Dowdy because it was not sent to their individual dwellings or usual places of abode in the first instance. Service failed on Perkins because it was sent to an incorrect home address. And service failed on the FCHD because it was not addressed to a chief executive officer. Service by certified mail failed as to all four Defendants because the postal carrier(s) did not confirm the identity of the recipients before delivery.

Because the evidence in this case suggests that the postal carrier(s) in Garden City did not comply with USPS certified mail policy requiring them to verify the identities of certified mail recipients before signing the return receipts and leaving the mail, the Court directs the USMS to attempt service this time using FedEx with a delivery receipt. Summons shall be reissued as follows: (1) counsel for the FCHD is directed to file under seal forthwith the last known home addresses for Douty, Dowdy, and Perkins in the FCHD's records; if counsel is unable to locate these addresses, he shall file a notice on the record stating as such and serve a copy of the notice by mail to Plaintiff; (2) Plaintiff is directed to provide the Clerk with the necessary information, including an appropriate addressee, for service on the FCHD; and (3) the USMS shall serve all four Defendants by Fed Ex with delivery receipt once it receives the above information from the Clerk.

---

[32] *Id.* § 60-303(c)(1).

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motions for Default Judgment (Docs. 109, 115) are **denied**.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's time to effect service as set forth in this Order under Fed. R. Civ. P. 4(m) is extended to August 19, 2022.  Summons shall be reissued as follows: (1) forthwith, counsel for the FCHD is directed to file ex parte under seal the last known home addresses for Douty, Dowdy, and Perkins in the FCHD's records; if counsel is unable to locate these addresses, he shall file a notice on the record stating as such and serve a copy of such notice by mail to Plaintiff; (2) Plaintiff is directed to provide the Clerk with the necessary information, including an appropriate addressee, for service on the FCHD; and (3) the USMS shall serve all four Defendants by Fed Ex with delivery receipt once it receives the above information from the Clerk.

**IT IS SO ORDERED.**

Dated: July 5, 2022

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE