IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAUL GUEBARA,

    Plaintiff,

v.

FINNEY COUNTY SHERIFF'S
DEPARTMENT, et al.,

    Defendants.

Case No. 19-CV-3025-JAR-KGG

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Paul Guebara's Objection (Doc. 135) to Magistrate Judge Kenneth Gale's Minute Order[1] finding that counsel for Defendants Finney County Health Department ("FCHD") and Harold Perkins satisfied his Order to Show Cause, which directed counsel to show that he had mailed Plaintiff all filings he had electronically filed in this matter.[2] Mr. Wright entered a limited appearance in this matter on behalf of the FCHD on March 25, 2022, in order to contest Plaintiff's motions for default judgment and object to service of process. He entered a limited appearance on behalf of Dr. Perkins on May 4, 2022. Plaintiff, who is a prisoner proceeding pro se, objects to Judge Gale's Order because he claims he did not in fact receive certain documents from defense counsel Brian Wright, despite counsel's representation that he mailed them to the prison. He also objects to the substance of some of counsel's filings.

Fed. R. Civ. P. 72 allows a party to provide specific, written objections to a magistrate judge's order. With respect to a magistrate judge's order relating to nondispositive pretrial

---

[1] Doc. 134.
[2] Doc. 132.

matters, the district court does not conduct a *de novo* review; rather, the court applies a more deferential standard by which the moving party must show that the magistrate judge's order is "clearly erroneous or contrary to the law."[3] "The clearly erroneous standard 'requires that the reviewing court affirm unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"[4]

The Court denies Plaintiff's objection because he has not shown that Judge Gale clearly erred. Plaintiff complains that he never received Docs. 120 and 120-1 in this matter and takes issue with Mr. Wright's assertion that certain mail was returned to him. But this is not a basis for objecting to Judge Gale's ruling. The Court has reviewed the record and finds no error. Mr. Wright's Response to Judge Gale's Order to Show Cause indicates that, out of an abundance of caution, he again mailed Docs. 120 and 120-1 to Plaintiff on May 18, 2022. The Court was fully apprised of Plaintiff's position and the facts before it ruled on his motions for default judgment. And Plaintiff had several opportunities, including the instant filing, to respond to Mr. Wright's service objections.

Plaintiff further challenges the substantive allegations in Mr. Wright's filings regarding proper service. Such arguments do not support a finding that Judge Gale's Minute Order was clearly erroneous. Moreover, these arguments have been considered in the context of Plaintiff's motions for default judgment and are now moot in light of the Court's rulings on those motions and instructions for accomplishing service so that this case can proceed.[5]

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff Paul Guebara's

---

[3] *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015) (quoting Fed. R. Civ. P. 72(a)).

[4] *U.S. Fire Ins. Co. v. Bunge N.A., Inc.*, 244 F.R.D. 638, 641 (D. Kan. 2007) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988)).

[5] *See* Doc. 137.

Objection (Doc. 135) to Magistrate Judge Kenneth Gale's Minute Order is **denied**.

**IT IS SO ORDERED.**

Dated: July 5, 2022

                                          S/ Julie A. Robinson
                                          JULIE A. ROBINSON
                                          UNITED STATES DISTRICT JUDGE