IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAUL GUEBARA,

      Plaintiff,

      v.

FINNEY COUNTY SHERIFF'S
DEPARTMENT, et al.,

      Defendants.

Case No. 19-3025-JAR-KGG

## ORDER

This matter is before the Court on Plaintiff Paul Guebara's Request for Entry of Default and Motion for Default Judgment (Doc. 166). A defendant shall serve an answer within twenty-one days after service of the Complaint.[1] Plaintiff has shown that Defendant Gretchen Dowdy was served, but failed to plead or otherwise defend in this action within twenty-one days of service.[2] When a party fails to plead or otherwise defend, and that fact is made to appear by affidavit or otherwise, default should be entered against that party.[3]

The Court liberally construes Plaintiff's motion, which was filed pro se,[4] as an application for clerk's entry of default because a clerk's entry of default must precede any motion for default judgment under Fed. R. Civ. P. 55.[5] Pursuant to this request, under Fed. R. Civ. P. 55(a), the Clerk is directed to enter default against Defendant Gretchen Dowdy.

---

[1] Fed. R. Civ. P. 12(a)(1).

[2] *See* Doc. 157.

[3] Fed. R. Civ. P. 55(a).

[4] *See Requena v. Roberts*, 893 F.3d 1195, 1205 (10th Cir. 2018) (setting forth liberal pleading standard that applies to pro se filings).

[5] Fed. R. Civ. P. 55(a).

However, where "'one of several defendants who is alleged to be jointly liable defaults, judgment should not be entered against [her] until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted'—this avoids inconsistent liability determinations among joint tortfeasors."[6] Therefore, to the extent Plaintiff moves for default judgment against Dowdy, the motion is premature. Upon resolution of the remaining claims in this case by the Court, Plaintiff may move for default judgment.[7]

Dated: <u>November 16, 2022</u>

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[6] *Martinez v. Dart Trans, Inc.*, 547 F. Supp. 3d 1153, 1182 (D.N.M. 2021) (quoting *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 147 (10th Cir. 1985)).

[7] *See, e.g.*, *Jetcraft Corp. v. Banpais, S.A. De C.V.*, 166 F.R.D. 483, 485 (D. Kan. 1996).