IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PAUL GUEBARA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 5:19-cv-03025-JAR-KGG |
| | ) |
| FINNEY COUNTY SHERIFF'S | ) |
| DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER GRANTING MOTION TO COMPEL

Now before the Court are Plaintiff's two motions to compel. (Docs. 180 and 184). The first motion to compel was filed on January 3, 2023, and was received as a letter to the undersigned Magistrate Judge. Out of an abundance of caution, the Court directed the clerk's office to docket the letter as a motion to compel. In the letter, Plaintiff alleges that Defendants Finney County Health Department ("FCHD"), Harold Perkins, and Hannah Douty (hereinafter "Defendants") have failed to respond to written discovery and requests the Court's assistance in obtaining responses. No response was filed to the first motion to compel. Two weeks later on January 17, 2023, Plaintiff filed a formal motion to compel in which he challenges specific objections from Defendants and seeks to compel responses to interrogatories and the production of documents. No response to the second motion to compel was filed. One of the attachments to his motion is the letter to the undersigned Magistrate Judge. As such, the Court will consider the second the motion to compel and finds Plaintiff's first motion to compel **MOOT**. For the reasons set forth below, the Court **GRANTS** Plaintiff's second motion to compel as uncontested.

1

Attached to Plaintiff's motion to compel are objections from Defendants Finney County Health Department, Harold Perkins, and Hannah Douty. In his motion, he requests seven different categories of documents:

1. Policy on the treatment for chronic care to inmates in the county jail by FCHD.

2. Complete medical files held by FCHD on Paul Guebara, including all treatment provided to Plaintiff, requests made by Plaintiff for that treatment, all referrals made to other physicians, and all medical prescriptions filled and those requested, but not filled.

3. Any documentation of Defendant[1] requesting medical treatment for hepatitis-C.

4. Any documentation of who was denied treatment for hepatitis-C and the reason for the denial.

5. Medical requests made by Plaintiff forwarded to FCHD by Michelle Newsome.

6. All electronic communication involving medical treatment for Plaintiff between the jail and FCHD.

7. That the Defendants be ordered to respond to interrogatories pursuant to Fed. R. Civ. P. 34 under oath.

Rule 26(b) of the Federal Rules of Civil Procedures govern the scope of discovery. "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). As such, for the information to be discoverable, the requested information must be nonprivileged, relevant, and proportional to the needs of the case. *Holick v. Burkhart*, No. 16-1188-JTM-KGG, 2018 WL 372440, at *2 (D. Kan. Jan. 11, 2018). Relevance is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or

---

[1] Plaintiff wrote "Defendant" in his original motion. The Court will assume this was a typo and interpret it as "[a]ny documentation of *Plaintiff* requesting medical treatment for hepatitis-C." (emphasis added).

may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see also Smith v. MCI Telecomm. Corp.*, 137 F.R.D. 25, 27 (D. Kan. 1991).

Here, Defendants have failed to respond or otherwise challenge Plaintiff's motion to compel. For discovery-related motions, a party has 14 days to respond. D. Kan. Rule 6.1(d)(1). "If a response is not filed by the applicable deadline, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." *Id.* 7.1(c). Given Defendants' failure to respond, the Court hereby **GRANTS** Plaintiff's motion to compel as uncontested.

**IT IS ORDERED THAT** Defendants provide Plaintiff with the policy on the treatment for chronic care to inmates in the county jail by FCHD.

**IT IS FURTHER ORDERED THAT** Defendants provide Plaintiff with complete medical files held by FCHD on Paul Guebara, including all treatment provided to Plaintiff, requests made by Plaintiff for that treatment, all referrals made to other physicians, and all medical prescriptions filled and those requested, but not filled.

**IT IS FURTHER ORDERED THAT** Defendants provide Plaintiff with any documentation of Plaintiff requesting medical treatment for hepatitis-C.

**IT IS FURTHER ORDERED THAT** Defendants provide Plaintiff with any documentation of who was denied treatment for hepatitis-C and the reason for the denial. If a HIPAA compliant protective order is required, that should be submitted to the Court as an agreed order.

**IT IS FURTHER ORDERED THAT** Defendants provide Plaintiff with medical requests made by Plaintiff forwarded to FCHD by Michelle Newsome.

**IT IS FURTHER ORDERED THAT** Defendants provide Plaintiff with all electronic communication involving medical treatment for Plaintiff between the jail and FCHD.

**IT IS FURTHER ORDERED THAT** the Defendants respond to interrogatories pursuant to Fed. R. Civ. P. 34. Specifically, all objections to Plaintiff's discovery requests are **OVERRULED**. Defendant Finney County Health Department must respond to interrogatories 1, 5, 7, 8, and 9. Defendant Harold Perkins must respond to discovery requests nos. 1, 2, 6, 7, 8, 13, and 15. Defendant Hannah Douty must respond to discovery requests nos. 1 and 5.

**IT IS FURTHER ORDERED THAT** Defendants Finney County Health Department, Harold Perkins, Hannah Douty have twenty (20) days to comply with this order.

**IT IS FURTHER ORDERED THAT** the deadline to submit confidential settlement reports is extended to February 21, 2023.

    **IT IS SO ORDERED.**

    Dated February 6, 2023, at Wichita, Kansas

/s KENNETH G. GALE
Kenneth G. Gale
U.S. Magistrate Judge