ANNEXED AFFIDAVIT

FED.R.CIV.P.RULE 56(e)

State of Kansas
County of Ellsworth    ss

Paul Guebara, being first duly sworn, deposes and says:

I am the plaintiff and writer of this Affidavit having full knowledge of the facts herein set forth.

This affidavit is submitted in support of the Plaintiffs motion for summary judgment herein, for the purpose of showing that there is in this action no genuine issue as to any material fact, and that the plaintiff is entitled to judgment as a matter of law.

First it should be noted that all exhibits were received from the Defendants as part of discovery. and plaintiff signing release forms for medical records.

FACTS OF THE CLAIM

1. Plaintiff was Diagnosed with "REACTIVE" Hepatitis-C on 9/28/2015. because hepatitis-c is potentially infectious supplemental testing was recommended. see exhibit - L (defendants)

2. Plaintiff was informed by Michelle Newsome that he had tested positive for hepatitis-C on 11/9/15 at which time I told her I wanted curative treatment I had seen on TV. See defendants Exhibit-J her resonse was the jail will not pay for it so you'll have to get it in prison.

3. Regardless of the fact the jail would not pay for the curative treatment for hepatitis-c  plaintiff continued to request for treatment not only to michelle Newsome, but to those other defendant running the jail, who had to clear all transportation, who would have to approve payment

4. plaintiff continued to attempt to get Ms. newsome to put on paper what she had said in person about the jail would not pay. but ms. newsome would just refuse to respond. see. plaintiffs Exhibit-J also marked(D 001887)

5. Plaintiff continued to request treatment for Hepatitis-c the requests were made to the only people who could either approve the request, "Michelle Newsome" and those who could intervene and aid in my request." Kyle Lawson, Jeff Orebaugh, Mark Welsh, And Kevin Bascue"   Michelle Newsome, as Gate keeper for the Jail and FCHD Was the ONLY person who could refer my request to FCHD, who could then refer Plaintiff to a specialist to determine if treatment would be given.

This never took place because Newsome Knew the Jail would not pay for the

Treatment therefore no additional testing was ordered.

6. Lab Results From the FCHD Strictly taken for the determination of hepatitis-c one on 9/28/2015 stated " Potentially infectious supplemental testing recommended" 2 years later on 10/2/2017 lab results state "Retesting on a second samle is needed for confirmatory RNA PCR test" see exhibits provided by defense, L & N.

as other evidence relevent to the issue of ignoring lab results and even provider recommendation of referral plaintiff offers  Exhibit-K(plaintiffs)

Defendants lab results Exhibit-N and recommendation of provider plaintiffs exhibit- A-1. NONE of the recommendations in these exhibits were followed, and the defendants have not provided any medical reasons for this. the jail would not pay is the only reason I was ever given.

7. Plaintiff has never denied refusing to continue taking medication which caused adverse affects on him. But none of that had to do with the requested treatment for hepatitis-c. Defendants can NOT produce any evidence that Plaintiff had ever refused any medical treatment for the issue before this court which is HEPATITIS-C.

8. Defendants knew that hepatitis was affecting plaintiff liver to the point of interfering with treatment perscribed. see Exhibit- CC. the claim is the jail 'doesnt manage controlled meds.' see Exhibit-plaintiffs L also marked D 002824 vers 1.(b) also plaintiffs exhibit- L-1. D 002827 these 2 exhibits are relevent as contrary to their claim of the jail not managing controlled meds.

9. As part of plaintiffs reasons for refusing medications, besides that they had adverse affects on me, They were despinsed by jailers, NOT medical nurse,This fact caused plaintiff to suffer through a very"traumatizing" event. on Oct.16/2015 jailer joey castrollon gave the plaintiff the wrong medication, see "medication Administration Record" dated Oct 2015 Defendants Exhibit- F plaintiff has alleged this since  10/19/2015.

Plaintiff Draws the courts Attention to part 2 of exhibit -F The defendants have deleted the fact joey castrolion gave plaintiff any medication but forgot to delete it from the first page. because of this event I stopped taking all meds.

10. Plaintiff would ask this court to read the following exhibits- C,C1,C2,C3, so that the court can see plaintiff had a real reason to feel real fear when it came to taking medication from jailers. The Second request to the court  on these exhibits is to understand and treat these documents as A NARRATIVE on the events that traumatized the plaintiff due to being given the wrong meds. and that these documents are not related to any referral, BUT AN EMERGANCY

ROOM VISIT IN ICU. while defendants attempt to use a statement in the narrative
as a doctor not thinking I required treatment because he states "hepatitis c
with likely cirrhosis. will just monitor this for now" it is clear it is just
part of the narrative in the doctor trying to figuer out why I was in the
condition i was in.. THE FACT THE DEFENDANTS DELETED ENTERY ON EXHIBIT- F.
should be of concern to this court.

11. Defendants continue to use the word"IMMIDIATE" care . the issue before the
court is the 100% DENIAL of medical Treatment Specifically for Hepatitis-C.
there is NO genuine issue as to material fact. on the denial of medical treatment
for hepatitis-c. The defendants ALL agree that no treatment was provided to
plaintiff for hepatitis-c.while in the finney county Jail.

12. Defendants main  reason or claim for the denial of treatment for hepatitis-c
by Michelle Newsome, is"when Mr. Guebara requested treatment for his Hepatitis-c,
it was determined that his condition was not serious at that time and did not
require immediate treatment. See Michelle Newsomes Affidavit# 6.plaintiffs
Exhibit- 1. the claim by these defendants is that Gretchen Dawdy was the one who
made this determination. HOWEVER these defendants provide NO documentation to
support this claim.#5 of the document Michelle Newsome is making a diagnoses
which she claimed she was not allowed to do see # 1 the document supports the
fact plaintiff REQUESTED CURATIVE TREATMENT SEE#6. while Michelle Newsome
states #8 of the document. at no time does michelle Newsome state that she
passed my request to anyone who could make the decision. and has not ever offered
any evidence or documents in support of this claim.see exhibit-#1(a)

13.The other reason the defendants continue to use for reason for not giving
Plaintiff curative treatment for hepatitis-c is, " not clinically acute or
symptomatic  he was not even aware he had it until he was informed of it while
at the Finney county jail " First of all the defendants did not follow  any of
the recommendations in the Lab results,  none of the defendants have been able
to provide any evidence  that they  relyed on medical Theory to denie medical
curative treatment or how the defendants reached the conclusions that plaintiff
was not clinically acute or symptomatic. in fact this claim goes against all
medical records on this hepatitis-c issue.

14. Michelle Newsomes response to interrogatories  is clear evidence and is
supportive of Plaintiffs claim. see exhibit 1-B # 3  admits she was aware of
the damage being caused to the liver .While the inconsistant statements could
pervent a granting of summary judgment do to the issue of credability which

3 AA

would have to be judged  or decided by the jury, for instance #5 of exhibit-1B
claims she followed the advice and recommendations of the providers.. BUT
does not provide any evidence or documents in support of this claim.
#9 was ignored not answered.  #6 of the exhibit was answered after
being directed to do so by Judge Gale, as defendant has had alot of trouble
getting interrogatories answered, or document production from the defendants.
as this court is aware its own orders to FCHD counsel were ignored see(Doc.143)
and (Doc.153) plaintiff never received any furtherinformation as to any
Respect being showen to the courts order. while the issue may be moot at this
point.  Respect to the courts orders are not. the defendants do not respect
the courts orders, plaintiff has had less co-opperation in requests made to
defendants, this is evident in their responses to interrogatories.

See (Doc 199-200)  in relation to discovery, also Brian Wright did not return
all the documents of discovery plaintiff sent for copying, One specific document
is where Michelle newsome states that " Lab results will have to be read by
Dr.perkins for further treatment" this is on a NEF form from the jail. and is
relevent to the issue of"personal invalvment"  On the part of Dr. Perkins.
this document should be on file as it was provided by Allen G. Glendenning.
I explained to Mr. Wright that due to my indigentcy I only had one copy of the
documents I was sending and would need all discovery back after copying, but
that document was the onlyone missing.

 15.  REQUEST FOR DOCUMENTS TO DEFENDANTS REPERSENTED BY ALLEN G. GLENDENNING.
Plaintiff did not receive the documents requested from these defendants. it
is true that some documents were in the MARTINEZ REPORT. HOWEVER as a result
of these defendants responses to"Interrogatories and ADMIT OR DENY" it was
relevent to requst supporting documents to their claim.
for instance;
KEVIN BASCUES RESPONSES TO FIRST SET OF INTERROGATORIES;
1. bascue claims there is a policy to screen & treat infectious diseases,
     But no policy has been provided. not one for chronic illness either.

2. Basque denies that plaintiff requested intervention from him to be taken
to the doctor, This is important for personal involvment in plaintiffs denial
of medical treatment for hepatitis-c.; also because plaintiff has claimed
that Lt.Lawson was hijacking, or intercepting our efferts.
3. knowledge is also important to prove involvment, plainff asked bascue if he
responded to communications from guebara directed at him. reśonse "assumes false facts"

4.Did FCHD inform the jail that guebara had hep-c in 2015? resonse assumes facts
that are false.

5. was Guebara provided any treatment for hepatitis-c. "No treatment was clinically
indicated or recommended by any provider "

6. Bascue confirms that he responded to Exihibit- F but Failed to ever provide
the any=of the correspondence he claimed to have received..the relevence of
plaintiffs correspondence was proof of exhaustion of remedy claim.

   (The very fact Bascue intertcepted a formal complaint against LT.lawson)
shows this parctice is standard and violates the very policies in place for filing
grievance'es. or attempting to report violations.of rights including constitutional
rights..exhibit -F will be addressed indept on the issue of exhaustion.

16. Defendants appear to believe that plaintiff can not request to be treated
for hepatitis - c that treatment can only be provided if "clinically indicated
or recommended by provider" so the defendants claim there is no violation to
Plaintiffs constitutional Rights by the denial of curative treatment for Hep-C.
Because it was the Plaintiff asking for the treatment.  Plaintiff has not found
any case law that makes that a requirement for a denial of medical treatment to
a violation of plaintiffs constitutional rights.

17. Mark Welsh, response to interrogatories;
while the response to the question of plaintiff asking the administrater of the
jail to intervene in getting me treatment for hap-c, is objection this request
is vague and ambiguous.  but he does admit to receiving ICF. #6 of the document
Welsh claimes plaintiff was treated for Hep-c.. This is a false statement
Mr. Welsh does admit that plaintiff repeatedly send requests for treatment.
the rest of that response is not relevent to Hepatitis-c. and there is no
documentation that plaintiff ever refused to be seen by any provider.#9 is
contrary to the facts.
second set of interrogatories walsh could not provide any documents of plaintiff
having been treared for Hep-c,  response to #2 is unresponsive. but defendants
can not provide any documentation of Plaintiff refusing treatment for Hep-c

18. lt.kyle lawson Affidavit.
plaintiff was being dicriminated against for past events that took place in
1983, plaintiff was paroled from all that and in all the time in prison plaintiff
was NEVER A PART OF ANY GANG,and the only gang I was affiliated with were the
gang members I was forced to be around by the defendants, I was not at any higher
risk during transports thenany other inmates taken to appointents ,transport

officers followed the exact policy for transportation of inmates with me as any other inmate, which is regular police business, defendants attempt to imply they had to create a guebara policy only, which only supports my claim of prejudicial treatment, and deliberate indifference treatment. this statement is made without any supporting documentation, the defendants canNot even provide any displanary reports to support their conclusionary statement.

as to #4 of the doc, plaintiff openly admited in original pleadings of refusing medication that caused ill effects,

This by no means gives the defendants the right to denie me treatment for hep-c. and there has been no claim with supporting evidence that plaintiff refused treatment specifically for hep-c.

second set of lawsons interrogatories;

plaintiff agrees to the resonse of "The ICF's Submitted by Paul Guebara speak for themselves"

clearly no hep-c treatment was provided by the defendants from 2015-2019 and no policy has been provided as to #9 .

answer to #5 is unresponsive, as the question is only about Hep-c also lawson admits to not having any knowledge as to the affect my refusal to take unrequested medication on hep-c treatment diagnosis had already been established.

19. Jeff Orebaugh affidavite is same as lawsons;

1. because there are several ICF's not provided bydefendants  This court canNot believe that from 2015 to 2019 there is only one medical shart, or only a few ICF's. one ICF  where ORBAUGH states that they didnt have to give plaintiff any due process sent out for coping to defendants and not ever returned, The reality is that mr Orbaugh allowed lawson to run the jail and do what he wanted . by doing this he is one of the persons I asked for intervention more than anyone else even though now he claims "not that i recall" but there are alot of ICF's missing. and there is also the issue of disciplinary reports that are missing to support their behavior claim. every lCF I submitted to the defendants would be copied along with the response,

THE DEFENDANTS HAVE decided to withhold evidence based on their interpatation of relevance. as the court will notein their responses to request, which in reality tends to show the status quo of the defendants on the way they responde to requests.by Plaintiff.

20. FCHD,PERKINS AND DOUTY(BRITT)

There can be no doubt that these defendants had a duty to provide the recommended aditional testing mentioned in Lab results in regards to hepatitis-c.

Michelle Newsome stated in the missing exhibit that DR PERKINS would have to read the lab results to determine further treatment. it on a NEF respones GLENDENNING has a copy of that document as does Mr. Wright being he kept my copy.

Doc.155  the FCHD DEFENDANTS ADMIT NO TREATMENT WAS PROVIDED,for hepatitis-c. the defendants deny plaintiffs hepatitis-c constituted seious medical need.. deny being aware plaintiff hep-c constituted serious medical need.
because these defendants have Failed to provide any policy of standard of care for hepatitis-c  or chronic illness, this lack of policy makes the FCHD liable pursuant to case law. the very fact that these defendants do not provide a certfied  grievance policy to inmates in the jail they cant now use that as an affirmative defense.

FCHD defendants have never provided any reason why plaintiff was denied all medical treatment for Hepatitis-c.  Nor have these defendants provided any medical documentation on how they reached the conlusion that plaintiff did not require the treatment he was requesting.
While there is evidence provided of recommended testing to determine the severity of the hepatitis, and also to determine if plaintiff was infectious. BOTH OF THESE RECOMMENDATIONS WERE IGNORED BY DEFENDANTS. which would be relevent to their claim that plaintiffs Hepatitis-C "not clinically acute or symptomatic" so the defendants can not explain as to how they reached this conlusion.
The denial of medical treatment for hepatitis-c was NOT BASED ON ANY MEDICAL THEORY.. Even Michelle Newsome as a part of the FCHD did not forward plaintiffs request for medical treatment to providers. because the jail would not pay, see her affidavit plaintiffs exhibit 1 #7. they knew a cure would be available at KDOC.  THE CURE WAS AVAILABLE WHILE PLAINTIFF WAS AT THE FINNEY COUNTY JAIL. it is the contention of the defendants that  plaintiff can not request curative medical treatment unless a provider allows him to make the request in the first instant. this is not what the law perscribes in Gamble. the defendants chose to take the easy route at the EXPENSE of plaintiffs  suffering. the act of denial of medical treatment for Hepatitis-C was a deliberate act, defendants in the medical field CAN NOT claim ignorance that hep-c is in fact a"deteriorating" disease.  THE MERRIAM-WEBSTER DICTIONARY describes Hepatitis "medical: a serious disease of the liver that causes fever and makes your skin and eyes yellow" Full definition;
1: inflamation of the liver
2. a disease or condition (as hepatitis A or Hepatitis B)marked byinflamation of the liver.

by definition "hepatitis is a serious disease of the liver" as a Human being
first plaintiff has a right to request treatment for a "serious disease that by
nature deteriorates the liver" Because of My detention and as a inmate I have
no choice what doctor I'm sent to. and my request must be made to medical staff
of the jail. plaintiff asked for treatment because of liver pain , and continued
to request treatment for hepatitis-c for over 3 years and complaind of pain for
the same amount of time.

Plaintiff was told by michelle Newsome the Jail would not pay, at which point
plaintiff started requesting intervention from The Lt.Lawson, Capt.Orbaough,
Mark Welsh, Sheriff Bascue. all my Pleas for help were ignored,

There is not one single document offered by any of the defendants thatI was
ever reffered to anyone other than the defendants who already knew the Jail
would not pay for the treatment to cure plaintiffs illness,

The FCHD have not provided any Policy regarding the treatment of hepatitis-c nor
any documents as to why they did not follow the recommendations of aditional
testing mentioned in Lab Results.

No testing was done to determine if liver damage existed.

the defendants have made it clear that plaintiff was not aware he even had
hepatitis. see Doc 205 at(b)

Defendants claim "plaintiff was not in need of immedate treatment for his Hep-C"
it is true none of the providers recommended treatment.BUT THEY REFUSED TO DO
ANY RECOMMENDED FOLLOWUP TESTING TO EVEN DETERMINE IF PLAINTIFF NEEDED IMMEDIATE
TREATMENT FOR HEP-C. DEFENDANTS FAIL TO PROVIDE EVIDENCE AS TO HOW THEY REACHED
THIS CONCLUSION WITHOUT PERFORMING THE NECESSARY TESTING.

It should be noted that upon my arrival to KDOC I complained of pain and informed
medical I had Hep-C. lab draw was done, and the test that FCHD refused to do
were done at which point I was immediately placed on the very next cycle of
inmates to receive treatment for hepatitis-c once my RDU stay was over. I was
sent to the facility were treatment was provided. were it was also determined
I had stage 2 fibrosis See Exhibit- H and exhibit- I and Exhibit- G requiring
ultrasound every 6 moths for life.

Find inclosed document titled "Discover Compliance pursuant to rule 26"
on page 2 of the document not returned by Brian Wright(doc D. 000451)
plaintiff believes the most damaging exhibits to defendants are the attempts
to mislead the court and the altered evidence such as "medication administration
records, and medication notes" oct 16. where Joey Costrolion inituals are missing.

21. Plaintiffs Exhibit-∅ also numbered "D 000546" states why I stoped taking some medications. plaintiff was in alot of pain see exhibit - S (defendants) drawing on the side my liver was causing me pain.

22. Hannah Douty(Britt) her response to admissions;
Hannah Douty response to # 2. is a Atempt to mislead the court, and deliberately misstate the facts. first of all plaintiff was NOT REFERED TO (Dr. Byrnes) for Hepatitis-C see plaintiffs exhibits---C through C- 3 which clearly states in the nerative why plaintiff was being treated for in the ICU .

23. Response to # 4 and #5. of the same exhibit-    Clearly it is admitted that plaintiff requested treatment,. the rest of the response is non-responsive, no referrals were ever made period. as to the claim of"mootness"  plaintiff can only request to FCHD employee Michelle Newsome which she has stated  plaintiff did request curative treatment.

   her response to # 5 is clearly 100% the responsability of the FCHD especially To inform Michelle Newsome that plaintiff needed to return so She could have put it in motion and have plaintiff taken to FCHD, its not like plaintiff could have just checked out of jail and driven himself to the clinic.

24. response to #7. is unsupported by any documentation. the only documentation of plaintiff refusing medication is the ALTERED EXHIBIT OFFERED BY DEFENDANTS EXHIBIT- F. and plaintiff admitting to refusing all medication due to a trumatizing incident supported  by medical documents,  BUT AT NO TIME DID PLAINTIFF REFUSE TO GO TO ANY APPOINTMENT OUTSIDE THE JAIL. AND THE DEFENDANTS CAN NOT PRODUCE ANY SUCH EVIDENCE. what the defendants continue to do is mis- repersent the facts. and attempting to mislead the court. The plaintiff suffered through all this so it is not the plaintiff they are misleading with their misrepersentation of the evidence.

response to #7, it is very important that the defendants not be allowed to commit fraud on the court, while plaintiff is not ware as to douty's end date at the FCHD. fact remains additional testing was recommended on lab results she failed to follow recommendation. and there is zero evidence that plaintiff refused any outside appointment, that is a conclusionary statement by defendants not supported by any documents or any other evidence.

25. The issue of exhaustion of administrative remedies;
first plaintiff states that neither the Jail or the FCHD. have in place a Grievance process that is certified by Attorney General, and the Grievance

procedure at the Finney county Jail is not in compliance with the minimum acceptable
standards promulgated by attorney general of standards.
secondly; one officer over the jail contonuously intercepts the ICF submitted,
this is a practice that goes all the way up the chain of comman, as the following
exhibits will prove. and more often then not the ICF's are responded to by
Lt.Lawson which he answers with "reviewed" while the defendants ONLY provide
a few ICF's for 2018 and 2019. I assure this court there are ICF's being
withheld from 2015,2016,2017,and even more from 2018,2019. plaintiff knew
the defendants were violating his rights so all ICF's were submitted with that
in mind, with the intention of filing an action against the defendants I was
diligent in attempting to get evidence in their own hand writting. the jail
has not been forth comming with all ICF's.
PLAINTIFF UNDER OATH STATES HE DILIGENTLY ATTEMPTED TO EXHAUST ALL REMEDIES AND
MY EFFERTS WERE MET WITH RESISTANCE, AND THREATS OF DISCIPLAN. SEE EXHIBITS-E,
D, When plaintiff attempted to file a formal complaint to internal affairs
    That was intercepted BY THE SHERIFF BASCUE BECAUSE HE ADMITTED TO RECEIVING
ALL CORRESPONENCE THIS WOULD INCLUDEALL GRIEVANCES I SENT TO HIM. AND THIS
RESPONSE EFFECTIVLY EXHAUSTED MY REMEDIES, see Exhibit- F INCLUDING APPEALS
    plaintiff did not file any further grievances also see doc numbered(D oo1881 &
D 001883) noone else was required to prove his proscription glasses were perscribed
to them., plaintiff to this day refuses to take blood pressure medication, which
has nothing to do with asking to be treated for Hepatitis-c.
the response in this ICF avoids any mention of Hepatitis-c., plaintiff was
treatend because I diligently continued to submit ICF's requesting treatment
    Defendants can-not now claim as defense that plaintiff didnt exhaust remedies.
I did the best I could under treat.

26. The issue of immunity;
The 8th amendment is clearly established right tobe free from crual and unusual
punishment , since this whole incident started pre-conviction the 14th amendment
prohibits any punishment, Estelle v. Gamble 429 U.S.97(1976) and Abu-Jamal v.
wetzel, 2017 WL 34700 (MD,Pa.Jan.3,2017 Applying Estelle, found that the
defendants ,by denying curative treatment for Hep-c were "deliberately indifferent"
to prisoners "serious Medical needs.

The Defendants violated both the 8th and 14th amendments by denying plaintiff
curative treatment for Hepatitis-c, the evidence provided by plaintiff show
that the defendants collectively and undifferentiated whole, were responsible

for those violations, The holding of estelle relates to a convicted prisoner's Eighth amendment right to be free from cruel and unusual punishment, whereas a pretrial detainee has a Fourteenth Amendment due process right to be free from punishment altogether, Bell v. Wolfish, 441 us. 520,99 S.ct.1861,60 L. Ed.2d 447 (1979)

Defendants are not entitled to immunity for the fact that all failed to act or entervene, The FCHD defendants did not follow the recommendations in the lab results to determine if treatment was in fact required. Dr. Perkins did Not follow the protocol in the agreement between the Jail and FCHD titled " inmate Medical service Agreement Finney county Sheriff & Finney County Health Department"

Medical Director; States "supervise care provided to the inmates by Registered Nurse and APRN(s) plaintiff will just offer the document as exhibit. the violation of the agreement makes the defendants liable.

The finney county Jail defendants including the Nurse Michelle Newsome repeatedly violated plaintiffs rights under the 8th amendment and were asked by plaintiff not to treat his medical needs with deliberate indifference, But they continued to do so. The denial of medical treatment by the defendants resulted in liver damage for life. in most cases its hard to prove the injury happened as a direct result of this denial of treatment.   HERE IN THIS CASE PLAINTIFF OFFERS UNDESPUTABLE EVIDENCE. HIS PERMINANT ENJURY WAS THE RESULT OF THE DEFENDANTS. Plaintiffs Exhibit - M. while the reason for the exam was "clinical indication" "Epigastric Abdominal Pain" the date of the was 10/14/2015 #3 clearly states The liver, gallbladder, pancreas, spleen,and both kidneys are unremarkable"

   After reusing to give treatment for over 3 years plaintiffs exhibits- H & I shows plaintiffs kidneys were no longer "unremarkable" any fibrosis is more then plaintiff had on 10/14/2015 plaintiff continues to suffer for the defendants deliberate indifference to his request for treatment,
while there are several ICF's missing as that evidence is held by the defendants. plaintiff has provided evidence, that he requested intervention. in spite of the denial of the defendants .
the result of their refusal to interven and uphold their agreement between the jail and FCHD resulted in violation of constitutional rights and perminant enjury. causing emotional and mental pain,
WHICH PROHIBITS GRANTING THE DEFENDANTS IMMUNITY.

Wherefore Plaintiff Prays this court Grants the summary Judgment on behalf of Plaintiff. and grant the relief sought. or allow this case to go to trial. plaintiff furthur request the court deny any claim of immuity.

**27.** Lack of policy; or inforcement of policy;

FCHD and Finney County Jail now have an agreement,(Which did not exist in 2015) or the defendants could not provide an agreement for the years of 2015 to 2019 the agreement provided by plaintiff as EXHIBT-P is for the year 2020, regardless the medical director at the time in question was Dr.harold Perkins, while he attempts to disstance himsefe from the other defendants, by claiming no involvement, he is admitting to not doing his duty mentioned in the agreement he entered into as part of his employment,his failure to review documentation and recommended retesting  in lab results resulted in **plaintiffs liver going from unremarkable to stage 2 Fibrosis had he reviewed the lab results as Michelle Newsome said he had to do he would have ordered the retesting or refered plaintiff to a specialist. also FCHD as first medical contact** whether it be through the Jail nurse  or office visit  FCHD and the Jail do not have a policy for medical exams upon inmates being addmitted to the Jail even during the day the nurse does not personally see or ask new inmates any medical questions. both the jail and the FCHD fail to provide a policy that safe gaurds against infectious deases. so from the start the defendants tend to be deliberate indifferent to inmate medical condition upon entery into the facility. there is no policy that provides for the treatment of chronic illness's nor policy upon entry to the jail that provides a procedure to detect infectious or Chronic condition of inmates upon entery.

Lack of these policies or lack of inforcement of the agreement contributed to plaintiffs injury. Which makes FCHD AND finney county jail liable.


DECLARTION

Paul Guebara decares under penalty of perjury that this Annexed Affidavit is submitted in good faith, and that all statements herein are true and correct to the best of my knowledge., and that all exhibites are true and correct.

Paul Guebara #40223

Subscribed and Sworn to before me this 27th day of June 2023

Notary Public

My commission Expires 3.22.26

NOTARY PUBLIC - State of Kansas
ELLEN ROSE
My Appt Expires 3-22-26