MEMORANDUM  OF LAW IN SUPPORT OF SUMMARY JUDGMENT

Plaintiff submittes this in support of summary Judgment.against defendants
for the violation of Plaintiffs rights protected under the 8th and 14th
amendments.

ESTABLISHED LAW

## Estelle v. Gamble, 429 U.S.97

LEd HN [6][6] LEd[7][7] These elementary principles establish[****12]HN 4 the
government's obligation to provide medical care for those whom it is punising by
incarceration. An inmate must rely on prison authorities to treat his medical needs;
if the authorities fail to do so, those needs will not be met. in the worst cases,
such a failure may actually produce physical "torture or a lingering death," in
re Kemmler, Supra, the evils of most immediate concern to the drafters of the
Amendment. in less serious cases, denial of medical care may result in pain and
suffering which no one suggests would serve any penological purpose. Cf. Gregg
v. Georgia, supra,at 182-183 (joint opinion). The infliction of such unnecessary
suffering is inconsistent with contemporary standards of decency as manifested
in modern legislation 8Link to the text of the note codifying the[*104]
commonlaw[***260][**291] view that "itis but just that the public be required
to care for the prisoner, who cannot by reason of the deprivation of his liberty,
care for himself"

LEdHN[8][8[

Deliberate indifference to serious medical needs of prisoners constitutes
unnecessary and wanton infliction of pain proscribed by the Eighth Amendment,
regardless of whether the indifference is manifested by prison doctors in their
response to the prisoner's needs or by prison guards in intentionally denying or
delaying access to medical care or intentionally interfering with the treatment
once prescibed; regardless of how evidenced, deliberate indifference to a
prisoner's serious illness or injury States a civil rights cause of action
under 42 USCS 1983

    In the case before the court plaintiffs Exhibit D-1 is Lab results after
3 years of requesting treatment shows plaintiffs liver enzymes high. on 10/2/2017
Exhibit-Kreflects"abnormal results with a retesting on second sample is needed
for the confirmatory RNA PCR test"
this never took place. Exhibits- plaintiffs M dated 10/14/2015 #3 states
"The liver,gallbldder, pancreas, splen, and both kidneys are unremarkable."
plaintiffs Exhibit-H dated 3/28/2019, 7 days after my arrival to KDOC

is lab results of the test defendants refused to do in exhibit-K the results
speak for themselves. and more impotantly  is exhibit--M and exhibit- I
which clearly shows my liver went from "unremarkable " to stage 2 of 4 of
fibrosis  this injury was a direct result of defendants denying plaintiff  any
medical treatment for Hepatitis-c.

Pearson v. Prison Health Serv, 850 F.3d 526 ;
HN10 Prisoners Rights, Medical Treatment.
when a prisoner alleges deliberate indifference to a serious medical need, a
delay or denial of medical treatment claim must be approached differently than
an adequacy of care claim. unlike the deliberate indifference prong of an
adequacy of care claim (Which involves both an objective and subjective inquiry)
the deliberate indifference prong of a delay or denial of medical treatment claim
involes only one subjective inquiry- since there is no presumption that the
defendants acted properly, it lacks the objective,propriety of medical treatment
prong of an adequacy of care claim. absent that objective inquiry, extrinsic proof
is not necessary for a jury to find deliberate indifference in delay or denial
of medical treatment claim. all that is needed is for the surronding circumstances
to be sufficient to permit a reasonable jury to find that delay or denial was
motivated by non- medical factors.

in this case  there have been several different excuses as to why plaintiff
was not given treatment for hepatitis-c plaintiff offers  "AFFIDAVIT OF MICHELLE
NEWSOME EXHIBI- 1. #5  is clear evidence the defendant knows how Hepatitis-c
effects the body. lab results show liver enzyme were elevated,and evidence
shows that the defendants did know the liver was being effected, see exhibit-cc
by defendants. the liver was being affected to the point that they did not qet
perscibed pain medication, yet continue to that plaintiffs hepatitis-c
was not symptomatic #6  claims"it was determined that his condition was not
serious at that time and did not require immediate treatment"
it is claimed that gretchen dawdy made this determination.. however the claim
has never been supported by any documentation, and no test were ever done to
claim that decision was bases on medical factors. # 7 is also evidence that
defendants denied plaintiff treatment not based on medical factors.
it was based on the knowledge that KDOC was providing treatment.
THE FACT IS TREATMENT TO CURE PLAINTIFF OF HEPATITIS C WAS AVAILABLE WHILE
PLAINTIFF WAS IN THE CUSTODY OF THE DEFENDANTS.
TREATMENT WAS 100% denied

and there is evidence that at the very minimum the defendants should have
followed recmmended testing to conclude treatment was not required.
The defendants cant overcome the fact their denial of medical treatment for
Hepatitis-c resulted in damage to my liver, the evidence shows it went
from "Unremarkable " to "stage 2 fibrosis." while in their custody. while
these exhibits only provide a time frame for the damage to plaintiffs liver.
the liver continues to detirarate as time passes.
a claim for relief  is suppoted by Brown v. Johnson 387. F.3d 1344 Imminent
danger of serious physical injury.deteriortaing The alleged danger of more
serious afflictions if he is not treated constitutes imminent danger of serious
physical injury.
It is well established that HN17 "deliberate indifference to serious medical
needs of prisoner constitutes the unnecessary and wanton infliction of pain
proscribed by [**17] the 8th amendment"Estelle v. Gamble(citation and footnotes
omitted)

in Brown  "A serious medical need is considered one that has been diagnosed by
a physician as mandating treatment or one so obvious that even a lay person
would easily recognize the necessity for doctor's attention" Id[**18](citing
Hill v.Dekalb Reg'l youth det ctr. 40 F.3d 1176,1187 (11thcir) in eather case
"the medical need must be one that, if left untreated poses a substantial risk
of serious harm" Id (citing and internal quotation marks omitted)  HIV and
Hepatitis meet either of these definitions The defendants wisely do not deny
that Brown has serious medical needs" (emphasis added)

Subjective; medical, medical defendants can not denie knowledge of risk of serious
harm resulting from no treatment. disregarding that risk by not following
recmmended testing is in fact deliberate indifference to plaintiffs medical need.
  any claim by defendants that plaintiff was not in need of treatment is fatal
by the fact that no additional testing was done that would be required in order
to reach that conclusion.
using Brown v. Johnson 387 F.3d 1344 as persuasive case law. plaintiff is entitled
to relief.
as in Brown  defendants claimed and attempt to characterize guebara's claim
of deliberate indifference claim as nothing more then "mere disagreement with
the treatment prescribed" But Guebaras claim is The full denial of medical
treatment for Hepatitis-c and taking an easier course of action not based on
medical factors. in Brown the court said "when the need for treatment is obvious

3

medical care which is so cursory as to amount to no treatment at all may amount
to deliberate indifference Id(quoting Mandel v. Doe.888 F.2d 783 789(11th cir)

Taking all allegations in the complaint as true. the continuing disregard
of Browns HIV and Hepatitis constitutes deliberate indifference
We do not therefore find an alternative basis on which[*1352] to affirm the
dismissal of Browns Complaint. (emphasis added)

In Guebaras Case the defendants continued to disregard his Hepatitis-c
most defendants admit at one point to not providing any treatment for Hep-c
While most deny that their denial did not cause plaintiff any injury.

The evidence is clear liver went from unremarkable to stage 2 fibrosis
while in the care and custody of the defendants.. the injury is a direct result
of inaction on the part of all defendants, defendants not following other
follow-up testings to determine if treatment was required is clear evidence
that the denial of treatment for hep-c was not based on medical factors, the
claim that plaintiffs hepatitis-c was not symtimatic  was not determind by
any medical factors. and in spite of lab results showing "abnormal" and that
additional testing was required. ignoring these factores all the defenses of
defendants claims against Deliberate indifference are fatal. especially when
the evidence show they had knowledge that the test show Anormal. and especially
when the evidence shows the defendants inactions resulted plaintiffs liver
to go from " unremarkable to stage 2 fibrosis"
Plaintiff is intitled to relief.

Michelle Newsome as gatekeeper of medical between the jail and FCHD repeatedly
refused to  relay my request for treatment for hepatitis-c to  any provider
outside the jail. and it was because of two factors, one being the Jail Would
NOT pay for the treatment, and two she knew that KDOC was providing treatment
for hepatitis-c,  mean while the plaintiffs liver was going from "unremarkable"
to stage 2 fibrosis.  as to not mislead the court with my facts, let it be
clear that michelle newsome makes the claim that she did in fact consult
default defendant Gretchen Dowdy, and that it was dowdy whe made the alleged
determination, fatal to this claim is there is no evidence of any kind this
ever took place. The remaher of the FCHD defendants never provide any medical
reason as to why the followup testings were never done, and again not to
mislead the court, the FCHD defendants state that the recommended testing
would in fact be the next step in determining the stage of the hepatitis
but that it is a moot issue because defenant never came back to have the

issue addressed. it was the FCHD defenants to make that appointment through
Michelle Newsome to the Jail but the defendants knew the jail would not pay
for the treatment. the defendants have never defendaed this allegation,.
Eighth Amendment claim regarding prison care, plaintiff must show that prison
officials "acts or omissions [where] sufficintly harmful to evidence deliberate
indifference to serious medical needs  Hudson v.McMillian,503 U.S.1,8, 112
S.ct. 995,1000 (1992) (citing Estell v. Gamble 429 U.S. 97 S.ct. 285,290-91(1976)
"Because society does not expect that prisoners will have unqualified access to
healthcare, deliberate indifference to medical needs amounts to an Eighth
Amendment violation only if those needs are "serious"' Id. the definition of
serious medical need includes the following;
failure to treat a prisoners condition [that] copuld result in further significant
injury or the unnecessary and wanton infliction of pain,...[t]he existence of an
injury that a reasonable doctor or patient would find important and worthy
of comment or treatment; the presence of a medical condition that significantly
affects an individuals daily activities; or the existence of chronic and substantial
pain.
it is well established that Hepatits-c  untreated will result in further
significant injury and unnecssary and wanton infliction of pain. it is also well
established that Hepatitis-c is a serious medical condition .

The fact that it is not the defendants that have to suffer with stage 2 or3
fibrosis or the harm caused by their action and inactions.
It is very significant to the plaintiff who actually suffers both mental
and physical pain. the plaintiff can not make the conclusionary claim that
plaintiff injury is not as serious as plaintiff claims.
plaintiff invited the defendants to request a physical be performed with
additional lab work . they declined. because they know as time goes on the
liver will continue to deteritate. and plaintiff has to do Ultrasound for life
see exhibit -G.

EXHAUSTION OF REMEDIES:
FCHD, Does Not have an exhaustion policy in place for inmates with grievances
against their treatment or any other process. which would be fatal to claim
failure to exhaust defense.
Finnet COUNTY Jail.;
First the Grievance policy in place is inaffectiva and has not been cerified by
the Attorney General , The grievance process provided at Finney county Jail

Fails to meet even the minimum standards under 42 USCS 1997e (A-E) and evidence
show that the Finney County Jail has no proper form to reach highest authority,
inmates forms are deliberately entercepted when attempts are made to file formal
complaints. and **threats of reprisals are made for using the process.**
see Exhibits- F,B-1, D, E, There are other ICF's that were intercepted, or responded
to with "Reviewed" or "No more ICF's Will be accepted on this issue" these
were stanard replys to ICF's NOT addressed to LT.Lawson. Who was the Main enterceptor.
with these response inmates rights could and would continue to be violated with
noone to intervene. because even if we asked for intervention that request
would never get to its destination, EXHIBIT-F Reflects that the Sheiff claimed
to have received all plaintiff cooresponedance. Which would have included all
request for intervention in getting medical treatment for Hepatitis-c.Since
Michelle Newsome stated the Jail would Not Pay for it. the plaintiff requested
copies of all correspondence received by defendant Bascue. but was not provided
with that discovery which would have proved beyond doubt personal involvment,

In <u>Womble v. Chrisman,</u>2022 U.S. App. Lexis 3229 (10cir) stated;
The PLRA only requires the exhaustion of "avilable" administrative remedies.HN 5
"where prison officials pervent, thwart, or hinder a prisoner's efforts to avail
himself of an administative remedy, they render that remedy ' Unavailable' and
a court will excuse the prisoner's failure to exhaust" <u>Little v. Jones, 607 F.3d
1245,1250 (10thCir.2010)</u>
<u>Under</u> Womble Plaintiff Guebara's Exhibits  show he did attempt to exaust and
the court should find that is not an available defense for defendants. especially
FCHD defendants in light of the fact they dont even provide any avenue to
exhaust.
Qualified immunity;
balances two importent interests - the need to hold public officials accountable,
when they exercise power irresponsibly. and the need to sheild officials from
harassment, distraction, and liability when they perform their duties reasonably
   plaintiff bears the burden (1) come forward with facts that " makeout a violation
of a constitutional right. and (2) demonstrate that " the right at issue was
clearly established" at time of defendants alleged misconduct.

" The doctrine of qualified immunity protects Government official from liability
for civil damages insofar as their conduct does not violate clearly established
statutory or constitutional rights of which a reasonable person would have known.
<u>Pearson v. Callahan,</u> 555 U.S.223,231,129. S.ct 808,172 L.Ed 2d 565 (2009)(quoting

Harlow v. Fitgerald 457 U.S.800.818 102 S.ct.2727 73 L.Ed.2d 396(1982)

Due to plaintiffs 7th grade education in the garden city schools.
and the fact he suffered from Add. I am confused as to the constitutional
Rights. I was Taught that I had rights that were protected by the
constitution. but as I read the law it relly depends on what judge
is determining what Justice is  and under what caselaw or situation
the constitutional rights can be violated. the oath of office is
justice but even that can now be violated by caselaw.
irrespective of that fact. plaintiff, believes that the Right to be
free from crual and unusual punishment under both the 8th amendment
and 14th amendment are rights that stand alone as law of the land.

NONE of the defendants should qualify for immunity when they JOINTLY
violated plaintiffs constitutional right to be free from crual and
unuseual punishment. by denying plaintiff medical treatment for
hepatitis-c Michelle Newsome  as gatekeeper and registered nurse
acknowledged she was aware of the affects untreated hepatitis would
cause on the liver. her reasponse to my request for treatment was
denied based on her claim the jail would not pay.
While it is true that the other defendants knew of plaintiffs illness
and it is also true that the FCHD defendants did not follow recommended testing
the exhibits and their releveance to the issues of denial and refusal to intervene
in aiding plaintiff obtain the treatment that was obviously a serious illness
and evidence reflect the damage ,pain and suffering both emotionally and physically.
Michelle Newsome had an affirmative duty as gatekeeper to inform providers that
plaintiff was requesting treatment for the serious illness, There is No evidece
she did that she made the determination plaintiff could wait to get the treatment
in prison. this was not based on any medical factors.
The sheriff;
Under recent tenth circuit caselaw, the sheriff's department is not an arm of
the state which is entitled to immunity from suit in federal court.
Unless congress has abrogated states' soverign immunity or a state has consented to
suit,the Eleventh Amendment bars federal courts from asserting jurisdiction over
suits for damages against a state, its agencies and its officials acting in their
official capacity. Ellis v. univ.of kan.med.Ctr,163 F.3d 1186,1196 (10th Cir,1999)
see also Aaron v. Kansas,115 F.3d 813,814 (1oth Cir (1997)  Moreover, "this
principle applies as well to state-law claims brought into federal courts under

pendent jurisdiction" Pennhurst state sch.& Hosp. v. Halderman, 465 U.S.89,121, 104 S.ct. 900,79 L.Ed.2d 67(1984) ("[N] either pendent jurisdiction nor any other [*11] basis of jurisdiction may override the Eleventh Amendment.")

Eleventh Amendment immunity extends to states and state entities but not to counties, Municipalities or other local government entities. see Mt.Healthy City Sch.Dist v. Doyle, 429 U.S.274,280, 97 S.ct.568,50 L.Ed.2d 471 (1977) To determine the category into which a given entity falls, courts consider whether that entity is or is not,an "arm of the state"Id.

In steadfast Ins,Co. v. Agricultural Ins.co.507 F.3d 1250(10thCir2007),THE Tenth circuit determined that courts must weigh four factors in determining whether an enity constitues an "arm of the state".Id at 1253. Specifically, the court must consider (1)" the character ascribed to the [defendant] under statelaw;" (2) "the autonomy accorded the [defendant]under state law;" (3)" the [defendants] finances;" and (4) whether the [defendant] in question is concerned primarily with local or state affairs."Id(citations omitted). Applying these factors, the Tenth circuit recently held that " Kansas Sheriffs,when executing their law enforcement duties, represent their counties, not the state of Kansas. " Couser v. Gay,959 F.3d 1018,1030(10th Cir.2020). Specifically, under Steadfast the Tenth circuit concluded that (1) Kansas Statutes recognize Sheriffs as county officers, and Kansas courts hold counties liable for the tortious acts of sheriffs, Id.at 1027; (2) a kansas sheriff "operates Largely independently of state constraints[*12] in carrying out its law enforcment function" and " is not treated as a state court employee in carrying out court-related functions," id.at 1028-29; (3) the county controls the sheriff's salary and has auditing authority over the sheriff's books, id at 1029; and (4) " a kansas sheriff's law enforcement responsibilities are limited to the sheriff's county,"id at 1030.

clearly;  immunity does not extend to couties and Municipalities The plaintiff is entitled to hold the FCHD and SHERiffs defendants liable and accountable for their actions and Lack of action.

Policies; or Lack of policy;  and failure to inforce policy.;
      The FCHD. IN PLAINTIFFS REQUEST FOR ADMISSIONS:
1. The question posed was "FCHD does not have a policy in place a policy for the purpose of treating Chronically ILL people. ? RESPONSE: Admitted in part and denied in part.
The statement is admitted in that there is not a printed policy specifying how to treat any specific Chronic illness.. There is no policy held by FCHD.

2. of the document, FCHD. denies having a request for medical treatment for
Hepatitis-c, Plaintiff cannot dictate how FCHD deals with their employees.
Michelle Newsome is a direct employee of the FCHD. A request to her is a request
to both the sheriffs dept.and the FCHD.
Michelle Newsome in her affidavit states,(at#6) "when Mr.Guebara requested
treatment for his Hepatitis-C it was determined that his contition was not
serious at that time and did not require immediate treatment" so YES GUEBARA
DID REQUEST TREATMENT,
Michelle Newsomes supplemental Response to interrogatories; which it took
Judge Gale, to direct the defendants to provide the answer to interrogatories.
Exhibit-1-a " Ms. Newsome discused it with APRN Gretchen Dowdy" Who advised
that the condition was not symptomatic and he was not in need of immediate
treatment." again another direct imployee of FCHD.and again a request to this
imployee is a request to FCHD. the requests started in 2015 to 2019.
    Medical services policy #9  States"A non-life threatening emergency usually
does not lead to death but needs to be treated as soon as possible."
All ICF forms are titled Non-emergency forms.,   policy #1 is clear putting
FCHD responsable for all "medical and other medical related services" the finney
county jail policy puts the nurse assigned to the jail as the liaison between
jail , Health dept, and other providers in the community to ensure an appropriate
Standard of care"
Clearly ; without Ms.Newsome no treatment for ANY medical purpose can be obtained,
Now if we believe that she did infact relate the request for medical treatment
for Hep-c to the FCHD health providers, by policy at some point over the years
of 2015 &2019 treatment should have been provided treatment, unless of course
its to expensive,
because the Sheriff is over the policy, plaintiff tryed to get him and his deputies
to intervene.
The "Inmate Medical Service Agreement Finney County Sheriff & Finney County
Health Department" was not followed. by the sheriffs dept or the FCHD. it would
appear. this document that could be construde as policy..
plaintiff requested treatment for hep-c which would have included assesments of
the illness. on "Medical services" there is nothing offered for the assesment
of chronic illness'es.
Medical Director; Dr. Perkins failed to meet the agreement in the document, he
did not provide oversight of the general and urgent care pervided to plaintiff.
exhibit- P speaks for itself and the duties placed on the defendants. as do

exhibits-p1,p2,p3. because non of the alleged policies or agreements between
the jail and FCHD mention any process for 1.to perform any intake physical
examination not even somthing as simple as blood pressure, and certainly no
exam to determine if a new inmate has a chronic illness, or addiction to drugs
or infectuious illness, and after one becomes an inmate the agreement and
so called medical policies are simply not followed. inmates fillout a NEF and
get charged no matter what the response is to the request. and the end result
is if the nurse or deputies dont want you to get care. inmates will not get
treatment. The FCHD Nurse is the one who is in charge of referrals to any
other provider,. the policy and agreement are ineffective and because there
is no reliable oversight over the interactions between the Jail Nurse and
inmates. the inmates medical needs are not met.
these policies and agreements  and  their lack of infocement are the main
reason why plaintiff constitutional rights were violated and federal case
law and federal rights. resulting in plaintiffs liver damage,
The suprem_Court has been fairly consistent in explaining the basis for Monell
liability in  Pembaur v. Cincinnati the court held "Municipal liabiltyunder 1983
attaches whereand only where deliberate choice to follow a course of action is
made fromamong various alternatives by the official or official respnsible for
establishing final policy with respect to the subject matter in question" 475
U.S.469483,106 S.ct.1292 89 L.Ed 2d. 452 (1986)

Sterdl v. Gramley 151 F.3d 739 741(7th cir.1998)(Failure to inforce  policy
could violate 8th amendment") quoting Goka v. Bobbitt 862 F.2d 646,652(7th cir1988)
"Failure to make a policy is also actionable"
Woodword v. correctional medical service 368 F.3d 917,929(7th cir 2004)  There
is no magic number of injuries that must occur before its failure to act can
be considered deliberate indifference.
Monell v. Dept of Social service's 436,U.S. 658,690-91,98 S.ct. 2018 (1978)
city and county government can be held liable under 1983 for their policies or
for actions taken pursuant to their policies.
Hare, 74 F.3d at 645  under hare the Bell standard can apply to individual cases
see Shepherd v. Dallas county, 591 F.3d 445,453(5th cir.2009)  Applying Bell
where individiual was harmed because "the jails evaluation monitoring and treat-
ment of inmates with chronic illness was grossly inadequate due to poor or
non existent procedures  and understaffing of guards and medical personal"
not because of fault on the part of particular individuals..
Finney county jail and FCHD are liable for their lack of ploicy and inforcement.
plaintiff is entitled to relief by law.

Plaintiff has stated a legal claim in which relief should be grantéd according to Rule 8 (a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests. "Conley v. Gibson,355 U.S.41,47,78 S.ct. 99,L.Ed 80(1957) under Rule 12(b)(6), a motion to dismiss should be granted only if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face" Bell Arl. Corp. v.Twombly, 550 U.S.544,570,127 S.ct.1955,167 L.Ed.2d 929 (2007)(abrogating Conley,355 U.S.at 41) "A claim has facial plausibility when the pleaded facual content allows the court to draw the reasonable inference that the defendant is liaable for the miscoduct alleged" Ashcroft v. Iqbal,556 U.S.662,129 S.ct.1937,1949,173 L.Ed.2d 868(2009) (citing Twombly,550 U.S.at556). The allegations of the claim must be taken as true and must be read to be read to include any theory on which the plaintiff may recover. see Linder v. portocarrero,963 F.2d 332,334-36(11th cir 1992) (citing Robertson v. Johnston,376 F.2d 43 (5thcir.1967)

Plaintiff believes that exhibits offered to support the claim against each defendant meets a standard of proof that his constitutional,and federal rights have been violated, and the evidence supports a claimfor relief under both the 8th & 14th amendments.and the violation agaist plaintiffs Right to be free from crual and unusual punishment,and unnecessary and wanton infliction of pain, perscribed by the Eighth Amendment. Estelle v. Gamble, 429 U.S.97.104 (1976) (citation omitted).

Pearson v. Prison Health serv.,850 F.3d 526 HN 9
in deliberate indifference cases, expert testimony is not admissible, let alone required to create a genuine issue of fact as to whether the care a prisoner received was adequate, if it is obvious to a jury that the care violated professional standards.

plaintiff claims and the evidence show's 1, no medical treatment was provided for hepatitis-c, 2.as a result of the denial of treatment the evidence shows plaintiff went from having a unremarkable liver to stage 2 fibrosis, exhibits show this happened while in the care and custody of the defendants and ultrasound must be done every 6 months for life due to the permiant damage,3 that all defendants ignored, or refused to do followup recommendations, and ignored plaintiffs requests for treatment.

Mayoral v. sheahan, 245 f.3d 934,940(7th cir 2000) (holding jury could reject guards testimony she knew nothing about gangs as "incredible and deliberately ignorant" The Farmer standard is not designed to give officials the motivation

to take refuge in the zone between ignorance and actual knowledge" and she could be seen as trying to inhibit that zone

Farmer said  that serious damage to prisoners future Health is actionable .

Farmer v. Brennan 511 U.S. at 845(citing Helling v. McKinney,509 U.S. 25,33, 113 S.ct. 2475.

Plaintiff asks the court to apply this standard to the medical defendants. who claim they didnt know hepatitis-c was a serious illness, or attempt to claim plaintiffs hepatits-c was not serious at the time he was requesting treatment. without having done the recommended testing to find out, this in fact is the zone of Deliberate ignorance. with deliberate indifference.


plaintiff is entitled to summary Judgement by law. and by right.



Respectfully Submitted

PAUL GUEBARA # 40223
E.C.F.PO.BOX.107
Ellsworth Kansas 67439