UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAUL GUEBARA
   PLAINTIFF

V.

FINNEY COUNTY SHERIFFS DEPT.
KEVIN BASCUE
KYLE LAWSON
JEFF OREBAUGH
MARK WELSH
MICHELLE NEWSOME
FINNEY COUNTY HEALTH DEPT.
HAROLD PERKINS
GRETCHEN DOWDY
HANNAH DOUTY (BRITT)

Case No. 5:19-CV-03025-JAR

## MOTION FOR RECONSIDRATION ON ORDER OF SUMMARY JUDGMENT

Comes now Paul Guebara Indigant pro se litigant and motions the court to grant a reconsideration on its ruling granting summary judgment for defendants and denying the same for plaintiff.

The court made a ruling against over welming evidence, ADVOCATING FOR THE DEFENDANTS. In doing so the court mistated the evidence supported by documentation The court further ingored Plaintiffs claim, and in its advocacy for defendants changed plaintiff claim, of Denial of "medical treatment for "hep-c"" to a claim of inadiquate medical treatment. and failed to rule on the issue of emotional pain and suffering, and ignored 10th cir court rulings supporting plaintiffs claim.

Might I remind the court in the words of Jim R. Carrigan, Upreme Court Justice " I'm sick and tired of hearing about the number of cases disposed of when we discuss the judicial system. The Chief Justice should Know that the job of the courts is not to dispose of cases but to decide them Justly. Doesn't he know that the business of courts is justice ?" Los Angeles Herald-Examiner August 3,1977.

This court has forgotton its duty to uphold the constitution, and caselaw.

I claim my right to an impartial Judge. and I Object to its Misrepersentaion of my claim.   in support of this request Plaintiff states as follows

1. The claim before the court is the 100% denial of medical treatment"Specifically for Hepatitis- c"

The court considered other medical issues that had nothing to do with the claim of hep-c. that had been determined by Judge Sam Crow. and dismissed,

Defendants were allowed to convolute the hep-c issue and the court relyed on that convolution in reaching its decision. even in doing so misstateed the evidence.

2. The Issue of Immunity;

The court failed to follow the 10th cir caselaw. |1,| or at any rate failed too explain how it came to the determination that all of the defendants were in point of fact " STATE  AGENTS"  or ARMS OF THE STATE.
this court is duty bound to uphold both the constitution and 10th cir. rulings. the court stated in its ruling. " a party cannot rest on "ignorance of the facts ,on speculation or on suspicion"to escape summary judgment"'
Plaintiff understands this to be an attack on his 7th grade education in the GCK public schools. But that is my point exactly,  The FACTS do not change Just because the court chose to deminish the value of those facts.

The fact is the supreme court has ruled in <u>Steadfast Ins, Co. v. Agricultural Co.,507 F.3d 1250(10th cir.2007)</u>  The four Factors "the court must" consider when determining if a defendant is an arm of the state.

The court defined the defendants as state agents in granting them immunity. "Kansas Sheriffs, when executing their, when executing their law enforcement duties, repersent their counties, not the state of Kansas |2|

|1| Steadfast Ins,Co V. Agricultural Co.,507 F.3d 1250 (10Cir.2007)
|2| Couser V. Gay, 959 F.3d 1018,1030(10th cir.2020)

2

Eleventh Amendment Immunity extends to States and State entities but not to counties, Municipalities or other local government and entities. 3 The Court chose to ignore this case law because it was in an argument.? on this point the court fails to uphold 10th cir case law and the court oath of office to uphold the constitution.

3, The court, clearly misstated the evidence, in making its ruling. failing to consider evidence that clearly created a credability material Issue,

reached its decision largely based on an "unproven" claim which was a hearsay statement allegedly made by a DEFAULTING party to this case, now also based on that fabricated statement is attempting to reverse a entery of default judgment on this defendant. and the court itself makes a false statement in regards to Gretchen Dowdy,

In the Courts ADVOCACY FOR THE DEFENDANTS, THE COURT STATES, "Instead, every physician or APRN who treated plaintiff discounted the Hep-c in their searches for a cause of the pain" This is a clear bias finding. This Court can NOT point to ANY evidence, or medical Document That makes that statement. and also THIS COURT can NOT point to any evidence that support her claim that, "both Britt and Dowdy declared Plaintiff's Hep-C to be non-Symptomatic" The evidence is clear that Neither Dowdy or Britt made any other followup to make any determination. that is supported by medical records, The courts findings are based on self serving statements made by the defendants, and The self serving allegation by Newsom And Welsh, that Dowdy made a determination, is not supported by any documentation other then that created AFTER the

3

filing of this claim, the plaintiff requested evidence from the defendants that Dowdy had said this. BUT THE DEFENDANTS CAN NOT AND COULD NOT PRODUCE ANY EVIDENCE TO SUPPOT THEIR CLAIM .

The court made a finding against the evidence (doc241at 15) Britt made a declaeration after the fact, DOWDY NEVER MADE ANY SUCH DECLAERATION. NEWSOM AND WELSH CLAIM SHE DID BUT THERE IS NO EVIDENCE TO SUPPORT THAT CLAIM. Plaintif could equally claim Dowdy said he needed treatement but defendants refused it. but he does not, the evidence prove beyond doubt that Britt and DOWDY never followed up on any testing to make any determination.

Turning to the fibrosis; again the court ignores the evidence that were the result of plaintiff being treated in prison for hepatitis-c. the evidence provided by the plaintiff was already ruled to be reliable and crediable and authintication was agreed on by the parties. Exhibit-H
The court is incorrect in its asumtion, while true the defendants show plaintiff had been diagnosed with hep-c in 2003, they have no evidence that plaintiff "has had hep-c since at least 2003" in weighing the evidence the court makes a factual finding not based on facts. (1) the defendants never did any testing to determine if defendant had hep-c when he arrived at the jail.

Defendants clearly state "plaintiff was not aware he even had hepatitis-c untill informed by defendants"[3] the evidence showed "Reactive" Im NOT SURE IF THE COURT IS QUALIFIED TO INTERPRET MEDICAL RECORDS, unless they rely on prior court rulings.

---

3. DOc. 205 at (b)
4. Exhibit H is reliable evidence and undisputable.

4

The court in its avococy for the defendants, first attepmts to deminish the factual eveidence on the Fibrosis,

I have deligently searched for case law that supports the courts assumtion what the CT scan was for. the results are clear, plaintiff points to the courts relying on the statement"will just monnitor for now" The court knows that was an emergancy visit the court further knew the visit was not for Hep-c yet relyed on the statement as one of the provider in regards to hep-c. Exhibit- M, is **undisputable evidence that the liver damage occured between 10/14/2015 and 2019.** clearly the court does not qualify to interperet medical records, the exhibit itself states what the CT scan was for"abdominal pain,"

**so yes its true the liver was unremarkable in 2015 and not in 2019,** Plaintiff has searched lexus, for case law that requires what a ct scan is for. there is none. PLAINTIFF DISAGREES WITH THE COURTS FINDING ON CAUSATION. THE (DENILE OF ANY CARE FOR THE ONLY ISSUE BEFORE THE COURT "hepatitis -C) caused the fibrosis and medicl documents support that fact. exhibit-m and H.

AS TO THE AFFIDAVITS OF MICHELL NESOME AND WELSH. IN REGARDS TO GRETCHEN DOWDY THAT THE COURT RELYS ON.

This court knows that Plaintiff repeatedly requested discovery on the claim.

(Doc. 241 at 18) in regards to the court doing a finding about Gretchen Dowdy, First it took an order from Judge Gale to get the persons name that those defendants were claiming made the determination, They in turn submitted Dowdy's name.

They did not submit any written statements from Dowdy, no documentation from Dowdy from FCHD.

5

While the court claims " The court cannot assume the role of advocate, (doc 241 at 5)  it does just that for defendants who have counsel already, in doing so becomes an arm of the defense instead of the law,  The court disregards conclusory allegations without specific supporting facts  that donot have probative value"

The court not only  becomes an advocate for defense, it clearly relys on conclusory allegations not supported by the record or facts or reliable evidence,

Specifically as it relates to "GRETCHEN DOWDY" the allegation (selfserving at best) that  Dowdy made the determination that plaintiff's hep- c was non-symptomatic (doc 241 at 15)

The court relied on this unsupported allegation in its eagerness to avocacy for defense.

This allegation if true would be powerful. But it an issue of MATERIAL FACT, AND ESSENTIAL TO PROPER DISPOSITION OF THE CLAIM.

NOW THIS SAME COURT WANTS TO ALSO GRANT SUMMARY JUDGMENT ON HER BEHALF.  WITHOUT A PROPER MOTION BEFORE THE COURT.

THEREis bias by this court I would assume it due to Plaintiff being in the custody of corrections. The fact that Dowdy has never answered to the suit, no counsel ever appeared on her behalf, and was properly served, Plaintiff has proven he was entitled to the default against dowdy. the court is proposing to grant a summary judgment . which is akin to  Two defendants on trial for a crime one fights and wins the other is allowed to win withoout ever going to court.  at any rate,

The court has granted summary judgment relying on misstated evidence and against the overwhelming evidence that clearly shows  there are several material disputed issues,

The main issue was the "Denial of Any medical treatment for

Hepatitis-c" which is not disputed, but the results that the court failed to address is the, "mental emotional pain and suffering,

ISSUES THAT SHOULD HAVE BEEN LEFT TO A JURY TO DETERMINE,
FACTS IN DISPUTE:

1. Credibility of defendants, Specifically in regards to gretchen Dowdy, The claim that DEFAULT defendant Dowdy Determind plaintiff hepatitis-C did not require treatment, is not SUPPORTED BY ANY Documentation from Dowdy, It is a selfserving claim made after this suit was filed. Which this court used in reaching its decision.

2, The clear evidence, that the injury accurred to the liver in the time span that plaintiff was in the care of of defendants,

IT DOES NOT MATTER WHAT THE CT SCAN was for. medically it is an undisputed finding at that point and time.

This a clear issue thats in dispute, EXHIBIT M clearly states the purpose; and results, even I in my seventh grade education can that the liver was unremarkabe on 10/14/15

And that only 7 days after my arrival to KDOC, On 3/28/ 19 the test defendants refused to perform, shows plaintiff hep-c.Ab. > 11.00 and that On 7/09/2019 plaintiff had stage 2 fibrosis.

This is clear evidence that are indispute, any lay-person can read these exhibits, and dates, and conclude that according to medical experts that performed the test that that the damage to plaintiffs liver happened BETWEEN 10/14/2015 and 7/09/2019

There is not any evidence that the defendants any of them specially medical defendants, went beyond the diagnoses stage. and other then a selfserving statement from welsh and newsome there IS ZERO evidence that gretchen dowdy made any determination about Treatment for hep-c. IN FACT ON 10/15/15 exhibit-cc is the only time Gretchen dowdy states "pt may have tylenol sparingly since his liver enzyms are elevated"

Again the claim that Gretchen Dowdy made the determination that plaintiff did not require hep-c treatment, would have been recorded on this same kind of form. which the defendants cannot, produce, thereby creating a credibility issue . better left to a jury to determine,

7

Authority and arguement;

Steadfast ins.co. v, Agricultural ins.co. 507 F3d 1250 (10th cir 2007) is clear what and how the courts are to determine chacter prior to immunity

This court failed to address this issue;

While the court does not uphold ; Estell V. Gamble 429 U.S.97 S.ct. 285,290-91 (1976) while not about hep-c, this is still established law that relates to plaintiffs constitutional rights . irrespective of that this court ignored case law that was supportive that did deal more on point with hep-c,

Brown v. Johnson 387, F.3d 1344, 1350-52 (11th cir 2004) holding that hep-c and hiv were serious medical needs.

Farmer said that serious damage to prisoners future health is actionable. Farmer v. Brennan 511 U.S. at 845 (citing Helling v. McKinney 509 U.S. 25.33. 113 S.ct. 2475.

in state courts most courts follow case law even if its supporting from other courts or districts. federal law should be followed to when supported by the evidence..

**more importantly;**

pursuant to F.R.C.P. 8(a)and(e) court should not Stretch to read complaint as asserting claim not pursued by plaintiff in response to summary judgment motion. Zokari v. Gates, 561 F.3d 1076,92 Empl.Prac.Dec (CCH) 43509,105 fair Empl.Prac.Cas.(BNA) 1313,73 FED R Serv. 3d(callaghan) 411,2009 U.S.App. Lexis 5900(10th Cir 2009)

thiscourt; can read my claim and will not find that plaintiff ever raised the issue of "DELAY" this was only about"Denial"of treatment for hep-c.

Which by law should be treated different then delay.

**Pearson v. prison Health sev, 850 F.3d 526 HN.9;**

in deliberate indifference cases, expert testimony is not admissible, let alone required to create a genuine issue of fact as to whether the care a prisoner received was adequate , if it is abvious to a jury that care violated professional

8

standards,  a jury could easly find the denial of care for hep-c violated professional standards.

It has been determined in other courts that CDC has stated the standard of care for hep-c is to be treated with curative medication.
Abu-Jamal v. Kerstes, 15-cv-967, 2016 U.S. Dist.Lexis 117397
(standard of care with respect to the treatment of Chronic Hepatitis c is the administration of newly developed DAA medications .
cunningham v. session, 2017 U.S. Dist, Lexis 82910. " the recent prouncement of professional organizations of liver specialist stating that treatment of essentially all patients with chronic Hepatitis- c with DAA drugs is now the standard of care, and the endorsment of these new recommendations by the CDC.
The court is aware of recent court decisions which have recognized the potential significance of these developments in addressing claims of state and federal inmates with chronic hep-c who have been denied treatment with DAA drugs.

This is my claim the defendants denied me those DAA curative drugs. and i suffetred pain both emional mental and physical.  the court should not second guess the findings of the CT scan that clearly show unremarkable in 2015 to stage 2 fibrosis in 2019, absent of showing medical qualifications to over ride what the medical file states.

## CONCLUSION

Plaintiff request that the court reconsider its finding of facts based on the actual evidence, not based on speculation. or conjecture,

There are issues in dispute, plaintiff asks this court to state at what point did the plaintiff lose his constitutional Right to request medical treatment for hep-c?? and once diagnosed at wich point did plaintiff lose the right to be seen by a doctor who could treat for hep-c.
either Plaintiff has a right to be treated for an illness thats damaging his liver or he doesn't/  clearly I was diagnosed with reactive hep-c

9

and clearly I requested to be given curative treatment,
Which was clearly Denied by all the defendants, the evidence is clear that no other action was taken after the diagnoses of hep-c. Plaintiff was never referred to anyone for the perpose of being treated for hep-c. these are FACTS THAT CAN NOT BE DISPUTED.    the defendant all admitt to this fact.

which is 100% denial of treatment for hep-c. period. the court fails to state at what point plaintiff lost his rights that were not violated by the denial. fibrosis is actual damage. and even if the court doesn't want to accept the medical documentaion that support the claim the facts remain the same and plaintiff continues to suffer from fibrosis. which evidence shows was the result of not being treated while at the jail. that evidence does not change either.

Wherefore plaintiff request that the court reconsider its judgment. and at least make the defenants provide one document from Dowdy to support their claim. that dowdy determind Plaintiff did not require treatment. ther is NO SUCH EVIDENCE, which creates credability issues,

RESPECTFULLY

paul guebara #40223
e.c.f.po.box 107
Ellsworth ks 67439

CERTIFICATE OF SERVICE

This is to certify that the forgoing was E-filed using the C/M ECF systom which will give notice of electronic filing to all counsel of record.