## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PAUL GUEBARA,

      Plaintiff,

      v.                                                          Case No. 5:19-CV-3025-JAR

KEVEN BASCUE, et al.,

      Defendants.

## <u>MEMORANDUM AND ORDER</u>

Plaintiff Paul Guebara brought this action against various employees of the Finney County Jail ("FCJ") and the Finney County Health Department ("FCHD"), asserting claims under 42 U.S.C. § 1983 relating to his medical care during his detention in the FCJ. On December 1, 2023, this Court granted Defendants Keven Bascue, Kyle Lawson, Jeff Orebaugh, Mark Welch,[1] and Michelle Newsome's Motion for Summary Judgment, as well as Defendants Hannah Britt,[2] Harold Perkins, and the FCHD's Motion for Summary Judgment.[3] The Court also set aside the Clerk's entry of default against Defendant Gretchen Dowdy, and gave Plaintiff notice of its intent to award summary judgment in her favor for the same reasons as Britt.[4]

Before the Court is Plaintiff's Motion for Reconsideration (Doc. 243), and his Objection to Granting Default Defendant Summary Judgment (Doc. 244). The motion for reconsideration

---

[1] On the docket sheet, Defendant Welch's name is spelled "Welsh," which is how Plaintiff spelled it in his Complaint. The Court adopts the spelling "Welch" as this is the spelling Defendants used in their briefings and exhibits. *See* Doc. 217-6 (Welch Affidavit).

[2] Hannah Britt was known by her maiden name at the time the events underlying this suit took place, therefore she is listed as "Hannah Douty" in Plaintiff's Amended Complaint. Doc. 88. The Court refers to her married name, Britt, in this Order.

[3] Doc. 241.

[4] *Id.*

is fully briefed, and the Court is prepared to rule.  As described below, Plaintiff's motion to reconsider is denied and summary judgment is granted in favor of Dowdy.

I.      **Background**

Plaintiff raised Eighth Amendment claims against all Defendants in their individual and official capacities, asserting that each Defendant was deliberately indifferent to his serious medical needs by failing to treat his Hepatitis-C ("Hep-C") during the time in which Plaintiff was detained in the FCJ.  The Court granted summary judgment for Defendants on the following grounds: (1) Defendants Bascue, Lawson, Orebaugh, Newsome, Welch, Perkins, and Britt are entitled to qualified immunity on the Eighth Amendment individual-capacity claims; and (2) Plaintiff failed to make out an official capacity claim because municipal liability was inappropriate where there was no constitutional violation by any of the individual Defendants.

Defendant Dowdy failed to take part in this action and the Clerk entered default against her on November 16, 2022.[5]  In its December 1 Memorandum and Order, the Court found that there was good cause to set aside the entry of default, and put Plaintiff on notice of its intention to award summary judgment in favor of Dowdy pursuant to Fed. R. Civ. P. 56(f)(1).  The Court noted that Plaintiff alleged that Dowdy was deliberately indifferent to his Hep-C based on the same conduct as Britt.  Both nurses provided Plaintiff with care for his stomach pain, but did not order further Hep-C testing despite a lab report stating that further testing was needed "if clinically indicated."[6]  The Court decided the merits of this claim in favor of Britt, and ordered Plaintiff to file a response as to why the Court should not enter summary judgment for Dowdy based on its findings in the December 1 Memorandum and Order.  Plaintiff filed his response

---

[5] Doc. 170.

[6] Doc. 209-4 at 2.

objecting to the Court's intention to award summary judgment for Dowdy together with the instant motion.[7]

## II.     Motion to Reconsider

### A.     Standard

Pursuant to Local Rule 7.3, "parties seeking reconsideration of a court order must file a motion within 14 days after the order is served unless the court extends the time."  A motion to reconsider must be based on "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice."[8]

A motion to alter or amend under Fed. R. Civ. P. 59(e) gives the Court an opportunity "to rectify its own mistakes in the period immediately following" a ruling.[9]  Such a motion may be granted when "the court has misapprehended the facts, a party's position, or the controlling law."[10]  The moving party must be able to establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[11]  Motions to alter or amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[12]  Whether to grant a motion to reconsider is left to the Court's discretion.[13]

---

[7] Doc. 244.

[8] D. Kan. R. 7.3.

[9] *Banister v. Davis*, 590 U.S. 504, 508 (2020) (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)).

[10] *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[11] *Servants of the Paraclete*, 204 F.3d at 1012.

[12] *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

[13] *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *In re Motor Fuel Temp. Sales Pracs. Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).

B.      **Application**

Plaintiff's motion for reconsideration is untimely pursuant to Local Rule 7.3, because he filed his motion 26 days after the Court's December 1, 2023 Order.[14]  However, Plaintiff's motion is timely under Fed. R. Civ. P. 59(e), which requires that motions to alter or amend a judgment be filed within 28 days of the entry of judgment.  Since the legal tests for reconsideration under the Local Rules and the Federal Rules of Civil Procedure are the same,[15] the Court construes Plaintiff's motion as arising under Fed. R. Civ. P. 59(e).[16]  As described below, the Court denies Plaintiff's motion for reconsideration.

Plaintiff does not point to an intervening change in controlling law or newly discovered evidence, but rather focuses his argument on the need to correct clear error and prevent manifest injustice.  Manifest injustice "is commonly defined as '[a] direct, obvious, and observable error in a trial court.'  'Where reconsideration is sought due to manifest injustice, the moving party can only prevail if it demonstrates that the injustice from the case is apparent to the point of being indisputable.'"[17]  Defendants assert that Plaintiff has not satisfied the standard for clear error or manifest injustice.  The Court agrees with Defendants.

Plaintiff points to numerous alleged errors in the Court's December 1 Memorandum and Order which he asserts justify reconsideration.  Many of these alleged errors are arguments from

---

[14] *See* Doc. 243 (filed December 27, 2023).  Plaintiff makes a stray comment that his motion is timely, and asserts that he is facing mail delays in prison.  The Court need not consider questions of timeliness because Plaintiff's motion is equally redressable under the Local Rules and Fed. R. Civ. P. 59(e).

[15] *See* D. Kan. Loc. R. 7.3; *Servants of the Paraclete*, 204 F.3d at 1012.

[16] The Court notes that Plaintiff also filed a "Notice of Motion for Rehearing Pursuant to Rule 59," along with his motion for reconsideration.  Doc. 242.  To the extent Plaintiff's notice is a request for a new trial or rehearing under Fed. R. Civ. P. 59(a), his request is denied because this case has not proceeded to trial.  To the extent Plaintiff's notice is merely a duplicate request for reconsideration, it is subsumed within the Court's analysis of Fed. R. Civ. P. 59(e).

[17] *Tri-State Truck Ins., Ltd. v. First Nat'l Bank of Wamego*, No. 09-4158, 2011 WL 4691933, at *3 (D. Kan. Oct. 6, 2011) (alteration in original) (first quoting Black's Law Dictionary 1048 (9th ed. 2009), and then quoting *Shirlington Limousine & Transp., Inc. v. United States*, 78 Fed. Cl. 27, 31 (2007)).

his briefs which have already been addressed.[18]  The Court declines to repeat its reasoning here, but considers Plaintiff's newly raised argument that the Court erred by treating his Eighth Amendment claim as a delay of medical care claim instead of a denial of medical care claim. Below, the Court finds that Plaintiff fails to show that the Court committed clear error, or manifest injustice.

Plaintiff is correct that he pled a denial of medical care claim, but the Court treated his claim as a delay of medical care claim.  The Court construed his claim as a delay claim because of the unique factual scenario, namely: (1) Plaintiff was a temporary detainee at the jail; (2) curative Hep-C treatment is costly and rigorous; (3) the jail did not have a procedure in place to treat Hep-C; (4) Plaintiff was not exhibiting symptoms indicating an immediate need for treatment; (5) Defendants knew Plaintiff could get the treatment at KDOC; and (6) within a week of his transfer to KDOC, Plaintiff began treatment for Hep-C and was cured in a few months. The Court properly construed these facts as a delay claim, despite the long period in which Plaintiff was denied treatment.  Plaintiff has not shown that this decision was legally erroneous, but rather asserts that it was a distortion of his claim for the denial of medical care.

Even if it was erroneous for the Court to apply the delay standard instead of the denial standard, Plaintiff has not shown that it would change the outcome.  The only distinction between a delay and denial of medical care claim under the Eighth Amendment is in the objective prong of the deliberate indifference test.  For a denial of medical care claim, a plaintiff can satisfy the objective prong of the deliberate indifference test by showing that "the

---

[18] The Court addressed Plaintiff's complaint about the factual support for Dowdy's determination that he was not exhibiting symptoms indicating a need for immediate treatment on page 20 of Doc. 241.  The Court addressed the appropriate test for qualified immunity at page 12 of Doc. 241.  The Court explained on page 5 of Doc. 241 why it did not credit certain factual allegations by the parties that were based on conjecture or belief.

deprivation is 'sufficiently serious.'"[19]  For a delay of medical care claim, a plaintiff must satisfy a heightening standard by showing that "the delay resulted in substantial harm."[20]  In its December 1 Memorandum and Order, the Court held that Plaintiff failed to satisfy the objective prong because he did not show that the delay in treatment caused him substantial harm.  Thus, the Court based its holding that Plaintiff failed to satisfy the objective prong on a factor that Plaintiff would not have needed to prove on a basic denial claim—substantial harm.  But even if the Court erred by applying the substantial harm standard and concluding that Plaintiff failed to satisfy the objective prong,[21] Plaintiff still could not have raised a genuine dispute of material fact about whether he suffered an Eighth Amendment violation.

To properly allege an Eighth Amendment violation, Plaintiff needed to satisfy both the objective and subjective prongs of the deliberate indifference test.  The subjective prong of the deliberate indifference test is the same for delay and denial cases, and requires proof that an official "knows of and disregards an excessive risk to inmate health or safety."[22]  In its December 1 Memorandum and Order, the Court thoroughly analyzed each Defendant's mental state and concluded that no Defendant knew of and disregarded a serious risk of substantial harm.  This finding is independently sufficient to hold that Plaintiff failed to raise a genuine dispute of material fact about whether he suffered a violation of his constitutional rights.

---

[19] *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

[20] *Estate of Beauford v. Mesa County*, 35 F.4th 1248, 1262 (10th Cir. 2022).

[21] Such a finding is far from obvious, because plaintiffs typically show that they suffered from a serious medical need by proving that it "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention."  *Sealock*, 218 F.3d at 1209 (quoting *Hunt v. Uphoff*, 199 F.3d 1220, 1224 (10th Cir. 1999)).  The record shows that Plaintiff received a plethora of medical attention for his stomach pain, but no doctor concluded that his Hep-C caused the pain or required immediate treatment.  Thus, it is not evident that Plaintiff would have satisfied the objective prong under the simpler denial of medical treatment standard.  Nonetheless, for the purposes of this Order, the Court considers what would have happened if Plaintiff had proven the objective prong.

[22] *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Farmer*, 511 U.S. at 837).

Moreover, properly alleging a violation of his constitutional rights is only the first prong of the qualified immunity test.  The Court also held that Plaintiff failed to carry his burden on the second prong of the qualified immunity test, by failing to show that his right to curative Hep-C treatment at FJC was clearly established.  In his motion for reconsideration, Plaintiff does not raise any new arguments about the subjective prong of the deliberate indifference test, or the clearly-established law prong of the qualified immunity test.  Instead, he focuses his motion on an argument that the Court erred in its finding that he failed to prove substantial harm, or by applying the delay standard in the first place.  Plaintiff does not establish clear error or manifest injustice because, even if the Court erred by applying the standard for a delay of medical care claim instead of a denial, Plaintiff would still have failed to allege a constitutional violation or show that the violation was clearly established.

Therefore, Plaintiff has failed to show that it would be manifestly unjust to let the December 1 Memorandum and Order stand, and his motion for reconsideration must be denied.

## III.    Summary Judgment as to Dowdy

The Court next considers whether to award summary judgment in favor of Dowdy.  In doing so, the Court incorporates by reference the statement of facts from its December 1 Memorandum and Order.[23]  Plaintiff argues that it would be improper to enter summary judgment for Dowdy because default was properly entered against her.  Plaintiff notes that there is no motion seeking summary judgment on Dowdy's behalf, and asserts that he is entitled to a default judgment because he was prejudiced by her absence in the litigation.  Plaintiff's prejudice argument is based on the fact that Defendants relied on conversations they had with Dowdy in

---

[23] Doc. 241.

their motions for summary judgment.  Plaintiff claims that he could not effectively respond to these arguments due to Dowdy's absence.

The Court does not condone Dowdy's total failure to appear and participate in this litigation.  Nor does the Court seek to diminish Plaintiff's rightful frustration with Dowdy for this failure.  But none of Plaintiff's arguments support a finding that Dowdy and Britt engaged in different behavior.  Plaintiff's claims against Dowdy are the duplicate of his claims against Britt, and the Court determined that Britt is entitled to summary judgment.  As stated above, Plaintiff failed to properly allege that his constitutional rights were violated, and also failed to show that his rights were clearly established.  Plaintiff has not been prejudiced in his capacity to litigate this action; Plaintiff has litigated his claims all the way to the summary judgment stage, and the Court has decided the merits of the case by awarding summary judgment in favor of all other Defendants.  It would be improper to enter default judgment against Dowdy after such a determination on the merits.[24]  Instead, the Court finds that summary judgment should be entered in Dowdy's favor for the same reasons that it articulated in its December 1 Memorandum and Order as to Britt.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Reconsideration (Doc. 243), which the Court construes as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e), is **denied**.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Objection (Doc. 244) is overruled and summary judgment is awarded in favor of Defendant Gretchen Dowdy.  The Clerk shall enter judgment in favor of all Defendants and close the case.

**IT IS SO ORDERED.**

---

[24] *See Roberts v. Generation Next, LLC*, No. 18-cv-0975, 2020 WL 1917087, at *4 (D.N.M. Apr. 20, 2020) (finding good cause to set aside a default judgment against a defendant after dismissing all remaining claims against other defendants on the merits.)

Dated: May 16, 2024

                                        S/ Julie A. Robinson
                                        JULIE A. ROBINSON
                                        UNITED STATES DISTRICT JUDGE