## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**PAUL GUEBARA,**

**Plaintiff,**

**v.**                                          Case No. 5:19-CV-3025-JAR

**KEVEN BASCUE, et al.,**

**Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Paul Guebara brought this action against various employees of the Finney

County Jail ("FCJ") and the Finney County Health Department ("FCHD"), asserting claims

under 42 U.S.C. § 1983 relating to his medical care during his detention in the FCJ. On

December 1, 2023, this Court granted Defendants Keven Bascue, Kyle Lawson, Jeff Orebaugh,

Mark Welch,[1] and Michelle Newsome's Motion for Summary Judgment, as well as Defendants

Hannah Britt,[2] Harold Perkins, and the FCHD's Motion for Summary Judgment.[3] The Court

also set aside the Clerk's entry of default against Defendant Gretchen Dowdy, and gave Plaintiff

notice of its intent to award summary judgment in her favor for the same reasons as Britt.[4] On

May 16, 2024, this Court denied Plaintiff's Motion for Reconsideration and awarded summary

---

[1] On the docket sheet, Defendant Welch's name is spelled "Welsh," which is how Plaintiff spelled it in his Complaint. The Court adopts the spelling "Welch" as this is the spelling Defendants used in their briefings and exhibits. *See* Doc. 217-6 (Welch Affidavit).

[2] Hannah Britt was known by her maiden name at the time the events underlying this suit took place, therefore she is listed as "Hannah Douty" in Plaintiff's Amended Complaint. Doc. 88. The Court uses her married name, Britt, in this Order.

[3] Doc. 241.

[4] *Id.*

judgment in favor of Defendant Dowdy.[5]  That same day, the Court entered a final judgment closing the case.[6]  Within a week, Plaintiff filed a notice of appeal.[7]

This matter is before the Court on four motions filed by Plaintiff: (1) Motion for Additional Factual Findings (Doc. 256) pursuant to Fed. R. Civ. P. 52; (2) Motion for Relief from Judgment (Doc. 259) pursuant to Fed. R. Civ. P. 60; (3) Motion for Leave to Appeal *In Forma Pauperis* (Doc. 264); and (4) Motion to the Court to Order the Clerk to Reimburse Filing Fee (Doc. 267).  The motions are fully briefed, and the Court is prepared to rule.  As described below, the Court denies Plaintiff's motion for additional findings and his motion for relief from judgment.  The Court denies Plaintiff's motion for leave to appeal *in forma pauperis* ("IFP") without prejudice to refiling.  The Court grants Plaintiff's motion for the reimbursement of filing fees to his sister.

## I.      Motion for Additional Factual Findings

Plaintiff asks the Court to make particular factual findings pursuant to Fed. R. Civ. P. 52 "for the purpose of appeal."[8]  Specifically, Plaintiff asserts that this Court failed to make certain findings in its prior Orders granting summary judgment for Defendants, and that this failure has prevented the Court's Orders from becoming final.  Defendants argue that Rule 52 is inapplicable, and that Plaintiff's motion should be construed as an improper, second motion for reconsideration under Rule 59.  Defendants assert that Plaintiff is attempting to re-argue issues already decided.  The Court agrees with Defendants and finds that Plaintiff's motion must be denied.

---

[5] Doc. 251.

[6] Doc. 252.

[7] Doc. 253.

[8] Doc. 256 at 4.

### A.      Rule 52

Rule 52 provides that, "[i]n an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately."[9] "Generally, this rule applies to findings of fact and conclusions of law entered after a non-jury trial."[10]

Here, Plaintiff may not request additional factual findings because Rule 52 is inapplicable.  Plaintiff's action was not tried, but rather was disposed of on motions for summary judgment under Rule 56.  Rule 52 specifically exempts motions under Rule 56 from its purview, stating that "[t]he court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 . . . ."[11]  Thus, this Court was not required to set forth findings of fact and conclusions of law in its Orders granting summary judgment for Defendants, and Plaintiff's request for additional factual findings is without merit.[12]

Plaintiff asserts that the Court's judgment is not yet final because the Court has not made all requisite factual findings; thus, Plaintiff claims that the Court has denied Plaintiff the right to appeal.  Plaintiff is incorrect.  The Court's judgment and disposition of Plaintiff's case are final and subject to appellate review.[13]  In fact, Plaintiff has already filed an appeal.[14]  The Court's statement of uncontroverted facts in its December 1, 2023 Order, along with its legal reasoning

---

[9] Fed. R. Civ. P. 52(a)(1).

[10] *Winkel v. Heimgartner*, No. 14-3214-JTM, 2015 WL 5820965, at *1 (D. Kan. Oct. 5, 2015) (citing *May v. Kansas*, No. 13-3162-SAC, 2013 WL 6669093, at *1 (D. Kan. Dec. 18, 2013)).

[11] Fed. R. Civ. P. 52(a)(3); *see also Featherstone v. Barash*, 345 F.2d 246, 249 n.3 (10th Cir. 1965).

[12] *See Parker v. Bd. of Pub. Utils. of Kansas City*, No. 93-2262-GTV, 1994 WL 542130, at *1 (D. Kan. Sept. 14, 1994) (denying the plaintiff's Rule 52 motion "because the Rule 52 requirements do not apply to the court's grant of summary judgment."); *Stone v. Mukasey*, No. 06-CV-00364, 2008 WL 5156441, at *2 n.4 (explaining that the plaintiff's motion was "not appropriate" under Rule 52 because the court had decided the case "on a motion for summary judgment pursuant to Rule 56, [and] did not make findings or conclusions.").

[13] *See* Doc. 252 (judgment).

[14] Doc. 253 (notice of appeal).

in both the December 1, 2023 Order and the May 16, 2024 Order, are sufficient to aid the Tenth Circuit in considering Plaintiff's appeal.  Thus, Plaintiff's motion under Rule 52 is denied.

### B.      Rule 59

Though Plaintiff moved for relief solely under Rule 52, Rule 52(b) provides that motions for additional factual findings "may accompany a motion for a new trial under Rule 59."[15]  This Court has occasionally construed motions under Rule 52 as motions to alter or amend judgment under Rule 59(e).[16]  Thus, out of an abundance of caution, the Court also considers Plaintiff's motion under Rule 59.

A motion to alter or amend under Fed. R. Civ. P. 59(e) gives the Court an opportunity "to rectify its own mistakes in the period immediately following" a ruling.[17]  Such a motion may be granted when "the court has misapprehended the facts, a party's position, or the controlling law."[18]  The moving party must be able to establish: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice.[19]  Motions to alter or amend are "not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[20]  Whether to grant a motion to reconsider is left to the Court's discretion.[21]

---

[15] Fed. R. Civ. P. 52(b).

[16] *See May*, 2013 WL 6669093, at *1; *Winkel*, 2015 WL 5820965, at *1.

[17] *Banister v. Davis*, 590 U.S. 504, 508 (2020) (quoting *White v. N.H. Dep't of Emp. Sec.*, 455 U.S. 445, 450 (1982)).

[18] *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (citing *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).

[19] *Servants of the Paraclete*, 204 F.3d at 1012.

[20] *Nelson*, 921 F.3d at 929 (quoting *Servants of the Paraclete*, 204 F.3d at 1012).

[21] *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citing *In re Motor Fuel Temp. Sales Pracs. Litig.*, 707 F. Supp. 2d 1145, 1166 (D. Kan. 2010)).

The Court already considered and denied Plaintiff's motion for reconsideration under Rule 59(e) as to Defendants Bascue, Lawson, Orebaugh, Welch, Newsome, Britt, Perkins, and the FCHD.[22]  The Court will not entertain Plaintiff's duplicate arguments as to the Court's granting of summary judgment for the above-listed Defendants.[23]  However, the Court did not enter summary judgment for Defendant Dowdy until May 16, 2024; thus, Plaintiff's instant motion can be construed as seeking reconsideration of the Court's entry of summary judgment for Dowdy.

The Court finds that Plaintiff's motion must be denied because it merely reiterates arguments which the Court previously rejected.  Plaintiff raises no new arguments against granting summary judgment for Dowdy that he has not previously raised in his objection to the entry of summary judgment for Dowdy.  Therefore, even after construing Plaintiff's motion under Rule 59(e), Plaintiff's motion must be denied because reconsideration is not warranted.

## II.     Motion for Relief from Judgment

Plaintiff moves for relief from the Court's May 16, 2024 Order, which denied reconsideration of its December 1, 2023 Order, and granted summary judgment for Dowdy.  However, many of Plaintiff's arguments pertain to the Court's December 1, 2023 Order; thus, the Court construes Plaintiff's motion as seeking relief from both Orders.  In his motion, Plaintiff asserts that FCJ Defendants have committed fraud upon the Court by manufacturing statements from Dowdy, and permitting the Court to rely on the fraudulent statements.  Plaintiff also reiterates his arguments as to the appropriateness of summary judgment in favor of all

---

[22] Doc. 251.

[23] The Courts notes that Plaintiff's motion to reconsider the Court's granting of summary judgment for Bascue, Lawson, Orebaugh, Welch, Newsome, Britt, Perkins, and the FCHD is not timely because the Court granted summary judgment for Defendants on December 12, 2023.  *See* Fed. R. Civ. P. 59(e) (noting that motions to alter or amend must be filed within 28 days of entry of judgment); Doc. 241.

Defendants, and duplicates many of his arguments from his motion for additional factual findings. Defendants respond that Plaintiff's motion merely attempts to rehash issues which have already been raised and decided, on numerous occasions. The Court agrees with Defendants.

In the Tenth Circuit, it is well-settled that "Rule 60(b) relief 'is extraordinary and may only be granted in exceptional circumstances.'"[24] Fed. R. Civ. P. 60(b)(3) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." To obtain relief from judgment under Rule 60(b)(3), the moving party "must, by adequate proof, clearly substantiate the claim of fraud, misconduct, or misrepresentation."[25]

Plaintiff presents no valid legal argument to warrant relief from the Court's December 1, 2023, or May 16, 2024 Orders. Instead, Plaintiff merely rehashes arguments as to Dowdy's statements and Defendants' reliance on said statements, all of which the Court has previously addressed. Plaintiff offers no proof whatsoever to substantiate his claim of fraud. Therefore, Plaintiff's arguments are insufficient to warrant relief from judgment pursuant to Rule 60(b)(3), and his motion must be denied.

---

[24] *Zurich North Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005) (quoting *Servants of Paraclete*, 204 F.3d at 1009).

[25] *Id.* at 1290.

### III.     Motion for Leave to Proceed IFP on Appeal

#### A.     Legal Standard

Under 28 U.S.C. § 1915(a)(1), courts may authorize the commencement of a civil action, "or [an] appeal therein, without prepayment of fees or security . . . by a person who submits an affidavit that . . . the person is unable to pay such fees or give security."[26]  When a party seeks to appeal IFP, Rule 24 of the Federal Rules of Appellate Procedure directs that the party file a motion for leave in the district court.[27]  That party must attach to the motion an affidavit that "shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs."[28]

Form 4 of the Appendix of Forms requires a party to provide information regarding both the party and their spouse's: (1) income and the sources thereof; (2) employment history; (3) the amount of cash available; (4) assets including homes and motor vehicles; (5) all money owed by others; (6) individuals supported financially; (7) average monthly expenses; and (8) attorney's fees paid in connection with the case.[29]  Additionally, Rule 24 requires the party seeking to appeal IFP to state the issues he intends to present on appeal.[30]

Under § 1915(a)(2), a prisoner seeking leave to appeal IFP from a civil judgment must file a new motion in the district court attaching both the affidavit discussed above "and a certified copy of the prisoner's trust fund account statement for the six-month period

---

[26] 28 U.S.C. § 1915(a)(1).

[27] Fed. R. App. P. 24(a)(1).

[28] Fed. R. App. P. 24(a)(1)(A).

[29] Fed. R. App. P. Form 4.

[30] Fed. R. App. P. 24(a)(1)(C).

immediately prior to the filing of the notice of appeal.  [This] must be done regardless of the prisoner's [IFP] status in the district court."[31]  Furthermore,

> if a prisoner . . . files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.  The Court shall assess, and when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent the greater of—
>
> > (A)   the average monthly deposits to the prisoner's account; or
> >
> > (B)   the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the  . . . notice of appeal.[32]

After payment of the initial partial filing fee, the prisoner must make monthly payments of twenty percent of the preceding month's income credited to his account.[33]  "The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid."[34]

"In no event shall a prisoner be prohibited from . . . appealing a civil . . . judgment for the reason that the prisoner has no assets and no means by which the pay the initial partial filing fee."[35]  However, "[p]roceeding *in forma pauperis* in a civil case 'is a privilege, not a right— fundamental or otherwise.'"[36]  "The decision to grant or deny *in forma pauperis* status under

---

[31] *Boling-Bey v. U.S. Parole Comm'n*, 559 F.3d 1149, 1153 (10th Cir. 2009) (citations omitted); *see* 28 U.S.C. § 1915(a)(2).

[32] 28 U.S.C. § 1915(b)(1).

[33] 28 U.S.C. § 1915(b)(2).

[34] *Id.*

[35] 28 U.S.C. § 1915(b)(4).

[36] *Barnett ex rel. Barnett v. N.W. Sch.*, No. 00-2499-KHV, 2000 WL 1909625, at *1 (D. Kan. Dec. 26, 2000) (quoting *White v. Colorado*, 157 F.3d 1226, 1233 (10th Cir. 1998)).

section 1915 lies within the sound discretion of the trial court."[37]  "This is especially true in civil cases for damages wherein the courts should grant the privilege 'sparingly.'"[38]

### B.    Application

On June 13, 2024, Plaintiff filed a motion seeking leave to proceed IFP on appeal, without prepayment of fees.  In his motion, Plaintiff represents that he is capable of paying the fees, but asserts that it would cause him hardship because he would have to spend all of his savings.  Plaintiff did not attach any proof of his finances.

Plaintiff's motion for leave to appeal IFP must be denied[39] because he failed to attach the requisite affidavit and certified copy of his prisoner's trust account statement.  Plaintiff may file another motion seeking leave to appeal IFP, if he complies with the requirements as described in this Order.  Therefore, Plaintiff's motion to proceed IFP on appeal is denied without prejudice.

## IV.    Motion for Reimbursement of Funds

On June 18, 2024, Plaintiff filed a motion asking the Court to reimburse his sister for mistakenly paying his filing and docketing fees.  Plaintiff explains that he asked her to pay the $5.00 filing fee on his behalf, believing that such payment was necessary to avoid dismissal, but that the Clerk told his sister she could not make partial payments.  Thus, Plaintiff's sister mistakenly paid the full $605.00 to avoid dismissal of his appeal.  Plaintiff attached an exhibit indicating that he has since requested that full payment be sent to the Court from his forced

---

[37] *Id.* (first citing *Cabrera v. Horgas*, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999); then citing *Cross v. Gen. Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983); and then citing *Buggs v. Riverside Hosp.*, No. 97-1088-WEB, 1997 WL 321289, at *1 (D. Kan. Apr. 9, 1997)).

[38] *Zhu v. Countrywide Realty Co.*, 148 F.Supp.2d 1154, 1156 (D. Kan. 2001) (citing *Buggs*, 1997 WL 321289, at *8).

[39] Typically, a motion for leave to proceed IFP would be rendered moot by the payment of the filing fees. *See Golden v. Kaiser*, 1 F. App'x 841, 841 n.1 (10th Cir. 2001).  However, Plaintiff's IFP motion has not been rendered moot because his sister paid the fees.  And, as discussed below, the fees paid by Plaintiff's sister will be refunded.

saving account, and requests that the Court accept his payment and refund his sister's payment. The Court has not yet received Plaintiff's separate payment.

Despite the general policy against refunding filing fees,[40] the Court finds that Plaintiff's sister's payment should be refunded.  Because Plaintiff's motion for leave to proceed IFP was pending, **no** payment of fees was required.[41]  Now that Plaintiff's motion to proceed IFP has been denied, the Court orders Plaintiff to either (1) pay the fees in full, or (2) file a motion to proceed IFP that complies with the requirements set forth above.  Plaintiff must either pay or file a revised IFP motion no later than August 5, 2024.

Finally, on June 28, 2024, Plaintiff filed a letter asking the Court to clarify: (1) whether he needs to seek leave to proceed IFP on appeal; (2) whether he needs to request a certificate of appealability; (3) what his appellate case number is; and (4) who will rule on his motion to proceed IFP.[42]  As set forth in the previous section, Plaintiff **must** seek leave in this Court to proceed IFP on appeal, even though he was previously granted IFP status for his district court proceedings.  Plaintiff does **not** need a certificate of appealability to appeal this Court's ruling on his 42 U.S.C. § 1983 claims.[43]  Plaintiff's appellate case number is 24-3072.[44]  And, as described above, this Court will rule on any future motions for leave to proceed IFP on appeal.

---

[40] *See Queen v. United States*, No. 05-3341-KHV, 2006 WL 3791321, at *1 (D. Kan. Dec. 22, 2006) (collecting cases).

[41] The Court informs Plaintiff that the $605.00 docketing and filing fees go hand-in-hand.  Plaintiff must either pay the full amount, or file a motion to proceed IFP.  Plaintiff is not permitted to make partial payments, such as paying only the $5.00 docketing fee, unless he is granted IFP status.

[42] *See* Doc. 268.

[43] *See Payton v. Kelly*, No. 20-3257-SAC, 2021 WL 1817113, at *1 (D. Kan. May 6, 2021) (collecting cases).

[44] The alternative case number referenced by Plaintiff was listed on a form Order from the Tenth Circuit, which it sends to all *pro se* plaintiffs.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Additional Factual Findings (Doc. 256) and Motion for Relief from Judgment (Doc. 259) are **denied**.  Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* on Appeal (Doc. 264) is **denied without prejudice**.

**IT IS FURTHER ORDERED BY THE COURT** that Plaintiff's Motion for Reimbursement of Funds (Doc. 267) is **granted**.  The Clerk shall promptly refund the filing fees paid by Plaintiff's sister to her original form of payment.

**IT IS FURTHER ORDERED BY THE COURT** that, no later than **August 5, 2024**, Plaintiff shall either pay the filing fees in full or file a revised motion for leave to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

Dated: July 8, 2024

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE