IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PAUL GUEBARA,<br><br>Plaintiff,<br><br>v.<br><br>KEVEN BASCUE, et al.,<br><br>Defendants. | Case No. 19-3025-JAR |

**MEMORANDUM AND ORDER**

Plaintiff Paul Guebara brought this action against various employees of the Finney County Jail ("FCJ") and the Finney County Health Department ("FCHD"), asserting claims under 42 U.S.C. § 1983 relating to his medical care during his detention in the FCJ. On December 1, 2023, this Court granted Defendants Keven Bascue, Kyle Lawson, Jeff Orebaugh, Mark Welch, and Michelle Newsome's Motion for Summary Judgment, as well as Defendants Hannah Britt, Harold Perkins, and the FCHD's Motion for Summary Judgment.[1] The Court also set aside the Clerk's entry of default against Defendant Gretchen Dowdy and gave Plaintiff notice of its intent to award summary judgment in her favor for the same reasons as Britt.[2] On May 16, 2024, this Court denied Plaintiff's Motion for Reconsideration and awarded summary judgment in favor of Defendant Dowdy.[3] That same day, the Court entered a final judgment closing the case.[4]

---

[1] Doc. 241.

[2] *Id.*

[3] Doc. 251.

[4] Doc. 252.

Plaintiff appealed. The Tenth Circuit Court of Appeals affirmed this Court's summary judgment ruling as to all Defendants except Dowdy. The Tenth Circuit determined on appeal that Dowdy was not properly served under either Fed. R. Civ. P. 4(e)(2)(A)–(C) or the Kansas rules of service.[5] Thus, this Court lacked personal jurisdiction over Dowdy and could not enter judgment with respect to her. It vacated the Court's judgment in favor of Dowdy because she had not appeared and was not properly served, and remanded with instructions to either dismiss the action without prejudice against her or order that service be made within a specified time under Fed. R. Civ. P. 4(m).

Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

On June 16, 2025, this Court provided notice to Plaintiff that it intends to dismiss this action against Defendant Gretchen Dowdy without prejudice for failure to serve within 90 days. As documented in the Tenth Circuit's Order, the United States Marshal's Service has been unable to effect service on her last known address. The Court invited Plaintiff to submit a filing that sets forth any good cause for extending the time to serve this Defendant rather than dismissing her without prejudice.

The Court now considers Plaintiff's Response to Order to Show Cause.[6] This filing goes well beyond the scope of responding to the Court's narrow Order to Show Cause by objecting to several other issues, including the merits of the Tenth Circuit's decision. The Court need not

---

[5] *See* Doc. 271 at 17–18.
[6] Doc. 273.

address those issues that have been decided and affirmed by the Tenth Circuit. As for the sole issue remaining—whether Dowdy should be dismissed without prejudice under Rule 4(m)—Plaintiff fails to address it in this filing. Instead, he maintains that the Clerk's Entry of Default against Dowdy should not have been set aside and asserts without support that she was "properly served, [but] [t]he appeals court simply didn't want to address the issue of why this court was voiding the default judgment on the grounds it did."[7] Plaintiff has failed to show good cause for the failure to serve Dowdy, and the Court is satisfied that further efforts to locate and serve her at this point would be futile. Accordingly, the Court dismisses this action against Dowdy without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Gretchen Dowdy is hereby **dismissed without prejudice**. The Clerk is instructed to enter judgment of dismissal without prejudice as to Defendant Dowdy and terminate this action.

**IT IS SO ORDERED.**

Dated: July 1, 2025

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[7] *Id.* at 4.